ROBERT MOORE, administrator, *vs.* MORRIS SPIEGEL.

Suffolk.   Nov. 18, 1886. — Jan. 10, 1887.   HOLMES & GARDNER, JJ., absent.

The pendency of another action for the same cause of action in another State, if it can be pleaded at all, can be pleaded in abatement only, and not in bar.

If the assignor of a chose in action brings an action thereon while the assignment is in force, and without the authority of the assignee, a reassignment by the assignee to the assignor, during the pendency of the action, will authorize the latter to prosecute the action for his own benefit.

A. sold to B. goods in bond, subject to the payment of the government tax thereon. While the goods were in bond and the tax unpaid, B. died, and C. was appointed

---

administrator of his estate. C. wrote to A., asking to be informed when the time would expire for withdrawing the goods, and stating that B.'s widow would like to sell the goods where they were, if she could, and, if she could not, the tax would be forwarded to A. A. thereupon paid the tax on the goods, which C. repaid to him ; and A. gave C. a receipt, stating that he had received of C. as administrator of B. a certain sum for the tax advanced by A. on the goods, "held by me for B.'s widow." C. then gave A. an order to forward the goods to him "for account of B.'s widow." A. afterwards attached the goods as the property of B.'s widow, and sold them in satisfaction of a debt due from her to him. *Held*, that C. was not estopped from maintaining an action against A. for the conversion of the goods.

TORT for the conversion of a lot of whiskey. The answer denied the conversion, and that the whiskey was the property of the plaintiff; alleged an assignment of the plaintiff's claim to one Vanderveer, and the bringing of a suit thereon by Vanderveer in New York, where the defendant resided; and further alleged that the whiskey belonged to one Mrs. Reilly, of Boston, and was sold by due process of law against her.

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows :

It was admitted that the whiskey was sold in bond by the defendant to one E. J. Reilly, husband of Mrs. Reilly, subject to the payment of the government tax thereon. Reilly suffered the whiskey to remain in bond; and while it was so in bond, and the tax unpaid, Reilly died, and the plaintiff was appointed administrator of his estate.

In September, 1883, the defendant received the following letter, purporting to come from the plaintiff: " Please inform me when the time expires for withdrawing the fifteen barrels Guckenheimer rye whiskey sold by you, April 4, 1881, to E. J. Reilly, of Boston. The widow of said Reilly would like to sell it if she could there, but if she cannot, then the government tax will be forwarded to you, with charges, storage, etc."

The defendant thereupon paid the government tax upon said whiskey, which the plaintiff repaid to the defendant, and the defendant thereupon gave the plaintiff the following receipt : " Received, Boston, Oct. 4, 1883, of Robert Moore, Esq., administrator for E. J. Reilly, the sum of five hundred and twenty-seven $\frac{80}{100}$ dollars tax advanced by us on fifteen barrels of Guckenheimer, held by us for Mrs. E. J. Reilly. M. Spiegel & Co."

The plaintiff then gave the following order to the defendant, indorsed upon the back of the warehouse certificate, relating to the whiskey in question: "Please forward within whiskey to me, for account of Mrs. E. J. Reilly. Robert Moore, Adm'r."

The plaintiff testified that he signed these papers at the request of the defendant's agent; that he glanced at them, and "thought everything was all straight;" and that Mrs. Reilly had, in fact, nothing to do with the whiskey. The defendant's agent testified that he thought that, if he had communicated to the plaintiff his intention to change the whiskey to Mrs. Reilly, he would not have paid him a dollar of the tax.

The plaintiff contended that he did not authorize the writing of the above letter, and that he did not notice the statement in the above receipt concerning Mrs. Reilly, nor the direction above named to ship the whiskey for the account of Mrs. Reilly; but admitted that he directed the writing of a certain letter relating to the whiskey by the scrivener who wrote the above letter, and denied that he authorized the statement therein contained concerning Mrs. Reilly.

The defendant called the said scrivener, one Erastus W. Sanborn, who, on cross-examination, testified that the plaintiff, when he asked him to write the letter, said nothing about Mrs. Reilly; that he merely asked him to write to find out when the whiskey tax was payable; and that anything beyond that in the letter he, Sanborn, was responsible for.

The defendant testified that Mrs. Reilly owed him a certain debt; and that relying upon the statements above mentioned, and believing from the above statements that Mrs. Reilly was the owner of the whiskey, he caused the same to be attached by due process of law, and sold in satisfaction of said debt, which was the conversion relied upon.

The defendant asked the judge to rule, that, if the plaintiff directed the writing of the above letter as it was written, knowingly received the above receipt without objection, and signed said order for delivery, with full knowledge of its contents, and without objection thereto or explanation thereof, and the defendant in good faith, relying upon said statements, honestly believed that the whiskey had become the property of Mrs. Reilly, and, acting upon such belief, attached and sold the same

as her property, the defendant could set up such attachment and sale in whole or in partial defence to this action ; and that the plaintiff was estopped from denying that the whiskey was the property of Mrs. Reilly. But the judge ruled otherwise ; and instructed the jury, that, if the whiskey was the property of the plaintiff at the time of the alleged conversion, the attachment and sale in the suit against Mrs. Reilly was no defence to the action, and that the plaintiff was not estopped from showing that the whiskey was at said time his property, as said administrator, and not the property of Mrs. Reilly.

The defendant offered in evidence an absolute assignment, under seal, by the plaintiff, of all his right, title, and interest in and to this whiskey to one Vanderveer, before the commencement of this action, upon the back of which was a reassignment from Vanderveer to the plaintiff, dated several months after the commencement of this action. The judge ruled that this was no defence to the action.

The defendant offered evidence tending to show that, before the commencement of this action, the plaintiff sold and assigned the claim now in suit, and all his interest in and to this whiskey, to Vanderveer ; that Vanderveer brought suit upon the claim in New York; that said sale and assignment were still in force at the time this action was brought; and contended that, if the jury should be satisfied of these facts, and that the plaintiff was prosecuting this action for his own use and benefit as administrator, and not for the use and benefit of the assignee, he could not recover. But the judge, at the request of the defendant, ruled that this evidence was immaterial, and, if believed by the jury, was not a bar to the action.

The jury returned a verdict for the plaintiff for the full value of the whiskey; and the defendant alleged exceptions.

*G. A. Torrey*, for the defendant.

*S. J. Thomas*, for the plaintiff.

FIELD, J. If the pendency of another action for the same cause of action in another State can be pleaded at all, it can only be pleaded in abatement. The defendant did not plead this in abatement, but in bar, and the substance of his plea in bar would not have been a good plea in abatement. Besides, the exceptions do not show that the suit in New York was pending when

this suit was brought. *Newell* v. *Newton*, 10 Pick. 470. *Colt* v. *Partridge*, 7 Met. 570. *Merrill* v. *New England Ins. Co.* 103 Mass. 245.

If the plaintiff had assigned his chose in action to Vanderveer, Vanderveer could sue in this Commonwealth only in the name of the plaintiff. The assignment was not a defence. If the defendant proved an assignment, and that the plaintiff had no beneficial interest in the cause of action, and that the bringing of the suit or its prosecution had not been authorized by the assignee, the action might have been dismissed on motion; but it is doubtful if these facts could be pleaded in bar, because they are not an answer to the action on its merits, although they show a reason why the plaintiff should not be permitted to prosecute the action. The evidence offered by the defendant which was rejected did not tend to prove all these facts. The evidence offered by the defendant which was admitted showed a re-assignment from Vanderveer to the plaintiff made after the commencement of this suit. If the suit was begun by the plaintiff while the assignment was in force, and without the authority of the assignee, the assignee could subsequently ratify the bringing of the suit; and if he reassigned the chose in action to the plaintiff, the plaintiff could thereafter prosecute the suit for his own benefit. The defendant did not show that the suit was prosecuted at the trial by one who had no authority to prosecute it.

It is a sufficient answer to the defendant's contention concerning estoppel, that the evidence, taken most favorably for him, does not tend to show that the representations that the whiskey belonged to Mrs. Reilly were made by the plaintiff with the intention of inducing the defendant to give credit to Mrs. Reilly, or to attach the whiskey as her property. The attachment apparently was something entirely foreign from anything which the plaintiff contemplated, or which the defendant could reasonably suppose he had in mind; and there is no evidence that the defendant gave Mrs. Reilly credit on the faith of these representations. The instruction requested omits these elements of estoppel. *Freeman* v. *Cooke*, 2 Exch. 654. *Zuchtmann* v. *Roberts*, 109 Mass. 53. *Carr* v. *London & North Western Railway*, L. R. 10 C. P. 307, 316. *Brant* v. *Virginia Coal & Iron Co.* 93 U. S. 326. *Exceptions overruled.*