JACKSON H. TOWNSEND *vs.* GEORGE WHEATLAND
(sole defendant by amendment).

Suffolk.   November 10, 1903. — September 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

, *Practice, Civil,* Parties.   *Abatement.* ,

In an action of contract against two defendants jointly, if the declaration is
amended by striking out the name of one of the defendants and the trial pro-
ceeds against the other, and there is evidence of a joint promise made to the
plaintiff by the two original defendants, a verdict for the plaintiff will be sus-
tained, as the remaining defendant could take advantage of the non-joinder of
the other only by a plea in abatement.

CONTRACT against George Wheatland and Frederick C. Warren jointly, alleging that the defendants owed the plaintiff a balance of $2,338, under an alleged oral contract for doing the plastering of two houses on Beacon Street in Boston, with an additional count on an account annexed for $32.50. Writ dated November 29, 1899.

In the Superior Court the case first came on for trial before *Maynard,* J. The defendant Warren rested on the opening statement of the plaintiff's case, and no further evidence was admitted against that defendant. The plaintiff's testimony was taken as against the defendant Wheatland, until the judge ruled that upon the opening as then made and the evidence as then offered the plaintiff could not proceed against the two defendants jointly, and that the plaintiff might elect which defendant he would proceed against and discontinue as to the other. The plaintiff thereupon elected to discontinue as to the defendant Warren, and the judge ordered the case to be continued, and allowed the plaintiff to file an amended declaration against the defendant Wheatland.

Later the case was tried before *Gaskill,* J., who refused to order a verdict for the defendant and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $2,664.55, and in answer to a special question submitted to them by the judge found "that in August Wheatland agreed to pay." The judge reported the case for determination by this court upon the terms of reservation quoted in the first paragraph of the opinion.

*H. Warner,* for the defendant.

*R. W. Light,* for the plaintiff.

KNOWLTON, C. J. This case comes before us on a report which concludes as follows: " There was no other material evidence in the case. The defendant requested me to rule that there was no evidence to justify a verdict for the plaintiff, which I refused, and submitted the case to the jury under instructions, . . . and the defendant duly excepted to my refusal to give said rulings. . . . If a verdict should have been directed for the defendant, judgment shall be entered for the defendant. If upon the evidence the jury was justified in finding for the plaintiff in the amount of the verdict, judgment is to be entered on the ver-

dict. If upon the evidence the jury was justified in finding only for a less sum than the verdict, judgment is to be entered for that sum. Otherwise, judgment is to be entered for the defendant."

We understand the report as intended to submit to the court the whole evidence, and the questions of law above stated, for a final decision of the case, without regard to other rulings made or to instructions given at the trial. We are of opinion that there was evidence tending to show that the defendant and Warren contracted jointly with the plaintiff for the work which he undertook to do, and jointly agreed to pay him for it. There is much evidence that has an opposite tendency, but the plaintiff testified in a variety of forms that he always understood this to be the contract, and he testified to dealings with Warren and conversations with the defendant on which such an understanding properly might be founded. At the end of the cross-examination of the plaintiff, the judge put a question indicating that he thought there was evidence of a joint contract, as follows: "Assuming that a joint contract was made, and that the plaintiff regarded it so, and continued to, and looked to both of these men instead of one, according to his statement, until after the work was finished, can you proceed against one?" Upon one branch of the case he also submitted to the jury the question whether there was a contract between the plaintiff on one side and Warren and the defendant on the other.

The case was submitted to the jury only on the question whether the defendant made an independent contract with the plaintiff when the work was partly done, which superseded the original contract made between the plaintiff and Warren, and whether the plaintiff did the remainder of the work relying upon the defendant's contract alone. But if the original contract was between the plaintiff on one side and the defendant and Warren acting in a joint undertaking on the other, the plaintiff can recover on a single count against the defendant alone. The nonjoinder of Warren as a defendant can be used as a defence only when it is pleaded in abatement. *Wilson* v. *Nevers*, 20 Pick. 20, 22. *Bliss* v. *Bliss*, 12 Met. 266. *Kendall* v. *Weaver*, 1 Allen, 277, 279. *Leonard* v. *Speidel*, 104 Mass. 356. *Taft* v. *Church*, 164 Mass. 504, and cases cited. This view of the case does not

seem to have been presented at the trial. The proceedings and rulings at a former trial before another judge, when the writ was amended and the case was continued, are immaterial.

Upon our construction of the report, inasmuch as there was evidence sufficient to justify the jury in finding for the plaintiff for the whole amount of the claim, there must be a

*Judgment on the verdict.*