CHARLES F. CHAMBERLAYNE *vs.* MALVINA S. NAZRO.

Suffolk.   March 30, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BRALEY, JJ.

*Practice, Civil, Abatement.*

Filing an answer to the merits waives the right to set up matter in abatement.
Failing to object to the reference of a case to an auditor and appearing at the hearing before the auditor on the merits waives any right to set up matter in abatement.

CONTRACT for a balance alleged to be due for services rendered by the plaintiff as an attorney at law and for disbursements in behalf of the defendant. Writ dated January 3, 1902.

In the Superior Court the case was tried before *Lawton*, J. At the close of the evidence the defendant requested the judge to rule : " 1. An attorney cannot in the same action, act both for his client and himself, when their interests are in conflict. 2. In a conflict of interests, it is the duty of an attorney, while the relationship of attorney and client exists, to serve the interests of his client instead of his own. 3. If the plaintiff brought this action for the defendant's benefit and on her behalf, he can-

not maintain it for his own benefit. 4. If he brought it to protect her interests, when that object was accomplished, he was bound to discontinue it, and cannot now maintain it in his own interest, against hers. 5. If the plaintiff brought the action for the defendant's benefit and protection, he cannot maintain it for his own benefit, even though on learning of it she afterwards disapproved of it. 6. Having once notified him to discontinue it, she was not required to repeat her wish in reply to subsequent letters or propositions of his."

The judge informed the counsel that he should not pass on the defendant's requests for instructions, but should submit to the jury only the question whether any disbursements of money were made and services performed by the plaintiff and what was a reasonable compensation therefor, and should require answers by the jury to the three questions quoted below. To this refusal to instruct, the defendant excepted but did not suggest to the judge that any of her instructions requested were applicable to the case as submitted to the jury, and the judge assumed that they all referred to the defendant's special defence, the ground of which is stated in the opinion, and in no part to her general denial. The case was so submitted to the jury under instructions to which no exception was taken by the defendant. After the verdict the defendant renewed her requests for rulings, and they were refused.

The three questions above referred to and the answers of the jury to them were as follows: "1. Did the defendant assent expressly or by implication at any time to the bringing of this suit against her?" "No." — "2. Did the defendant, before or at about the time of the payment of the execution for costs, expressly or by implication ask to have the suit discontinued?" "Yes." — "3. Has the defendant by herself or by her attorney expressly or by implication waived at any time her right to ask to have the suit discontinued?" "No."

The jury returned a verdict for the plaintiff in the sum of $53.78; and the defendant alleged exceptions.

*J. S. Patton & C. F. Williams*, for the defendant.

*W. N. Poland*, for the plaintiff.

KNOWLTON, C. J. At the trial of this case no question of law was raised in regard to the liability of the defendant on the

merits, but the only legal defence was in the nature of a claim in abatement, that the plaintiff could not maintain his action, because, at the time of bringing it, he was acting as the attorney of the defendant, for whose benefit the action was brought to meet a claim of another person against her. The contention was, in substance, that conceding the liability of the defendant on the merits, the action was brought improperly and without legal authority, because the plaintiff could not act for himself while acting for the defendant. This was properly a matter in abatement. *Boynton* v. *Willard*, 10 Pick. 166, 169.

The first answer was a general denial and a plea of payment. One year and eight months later an amended answer was filed by consent, which again made a general denial and a plea of payment, and added this averment in the nature of an answer in abatement. It appears that the case was heard before an auditor upon the merits, although his report is not before us. At the close of the evidence at the trial in the Superior Court, the defendant made the request for rulings which raised the questions on which she now relies. So far as appears by the record before us, this was the first time that this defence was brought to the attention of the court.

It was then too late to raise such a question. In the first place, the answer on the merits was a waiver of the right to set up a matter in abatement. The reference to the auditor without objection by the defendant and the hearing before him on the merits were an even more pronounced waiver of any question as to the bringing of the action. This hearing was followed by a trial in the Superior Court, in which, at the close of the evidence, these requests were first made. If the defendant desired to have the case disposed of on the ground that it was brought before the court improperly and without authority, she should have raised the question at the outset. *Boynton* v. *Willard*, 10 Pick. 166, 169. *Seagrave* v. *Erickson*, 11 Cush. 89. *Cole* v. *Ackerman*, 7 Gray, 38. *Hastings* v. *Bolton*, 1 Allen, 529. *Morton* v. *Sweetser*, 12 Allen, 134, 137.

If the question were open, we might come to the same result. The evidence would warrant a finding that the plaintiff, in bringing the action, was acting in part in his own interest as a creditor of the defendant, and in part for her interest in reference to the

other claim. There was no evidence that the defendant ever authorized his bringing the action on her account, and the jury found that she never ratified it, but utterly repudiated it. Upon these findings, if he acted in part for himself, that part of his action well might stand, and the case would be before the court legally.

*Exceptions overruled.*