HARRY F. WHITON *vs.* JOHN H. BALCH.

Essex.     November 4, 1909. — November 23, 1909.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Pleading, Civil,* Plea in abatement, Answer, Demurrer. *Executor and Administrator.* *Tax,* Collection.

The difference between a plea in abatement and a plea in bar is that the former goes to the writ and the latter to the cause of action.

Where, in an action by the collector of taxes of a city under R. L. c. 13, § 33, the declaration alleged that a tax was assessed upon the estate of a deceased person and a demand therefor was made upon the defendant, the executor of his will, and that, after receiving money applicable thereto, the defendant did not pay the tax and therefore was liable therefor personally as for his own tax; and the defendant filed a plea in abatement stating that the will of the deceased person had not been proved in this Commonwealth, that no letters testamentary or of

administration had been issued to the defendant, and that the defendant "is not and never has been executor or administrator of" such estate "within this Commonwealth," to which plea the plaintiff demurred, this court construed the demurrer to be a demurrer to the answer so far as it set up the fact that the defendant was not appointed an executor in Massachusetts.

In an action of contract by the collector of taxes of a city under R. L. c. 13, § 33, in which the declaration alleged that a tax was assessed upon the estate of a deceased person and a demand therefor was made upon the defendant, the executor of his will, and that, after receiving money applicable thereto, the defendant did not pay the tax and therefore was liable personally therefor as for his own tax, the action being against the defendant as an individual and not as an executor, a defense that the defendant was not an executor as alleged in the declaration goes to the cause of action and therefore is a defense in bar and not matter for a plea in abatement.

CONTRACT by the collector of taxes of Newburyport against the defendant personally under R. L. c. 13, § 33, as stated in the opinion. Writ in the Superior Court dated July 15, 1909.

The defendant filed the "answers in abatement," and the plaintiff the demurrers thereto, which are described in the opinion. The demurrers were heard and overruled by *Hardy*, J. The plaintiff appealed.

*E. E. Crawshaw*, for the plaintiff.

*E. H. Abbot, Jr.*, for the defendant.

LORING, J. By R. L. c. 13, § 33, it is provided that if a tax is assessed upon the estate of a deceased person and a demand therefor is made upon the executor of his will, and after receiving money applicable thereto the executor does not pay the tax, he "shall be personally liable therefor as for his own tax."

The action in this case is brought to enforce this liability by reason of a tax assessed upon the defendant as "an executor of the will and estate" of one James N. Balch, who is alleged in the declaration to have died a resident of Newburyport. The defendant filed two answers in abatement. In the first he pleaded that the will of James N. Balch never had been proved in this Commonwealth and no administration or letters testamentary ever had been issued to him (the defendant) by any Probate Court of this Commonwealth, and that he "is not and never has been executor or administrator of said James N. Balch within this Commonwealth." In the second answer in abate-

ment the defendant alleged that the will of James N. Balch was admitted to probate in the Surrogate's Court of Kings County, in the State of New York ; that letters testamentary were issued to Sarah L. Balch, Horace L. Balch and the defendant jointly; and that "if, by virtue of said appointment in the Surrogate's Court of Kings County, in the State of New York, this defendant can be held to answer to the plaintiff as an executor of James N. Balch, the said Sarah L. Balch and Horace L. Balch, who are still alive and acting as executors, should be sued with him."

The plaintiff demurred to the second answer in abatement and to the first answer in abatement he put in the following: "Now comes the plaintiff in the above entitled cause and demurs to the defendant's first answer in abatement, excepting the statement therein that the defendant never has been executor of said James N. Balch within this Commonwealth, which statement the plaintiff denies ; and the plaintiff says that the part of said first answer which he demurs to does not set forth any legal ground for abating his writ."

The liability imposed by the statute (R. L. c. 13, § 33) is a personal liability created because the defendant did not perform a duty imposed upon him as executor; and the writ of necessity should be, and in the case at bar is, a writ which runs against the goods and estate of the defendant personally and not against the goods and estate of the deceased in the hands of the defendant as the executor of the will of the testator.

To make out a liability against the defendant under the statute and in this action, the plaintiff must prove his allegation that the defendant was executor. If that is not the fact the defendant is not liable. That is to say, a traverse of that allegation in the declaration is the subject of what was at common law a plea in bar and is now to be set up by way of an answer to the merits. R. L. c. 173, § 20. The difference between a plea in abatement and a plea in bar is that the former goes to the writ and the latter to the cause of action.

"No such corporation" may be pleaded in bar or by way of abatement when set up with respect to the plaintiff, *Christian Society in Plymouth* v. *Macomber*, 3 Met. 235, or with respect to the defendant. *Greenwood* v. *Lake Shore Railroad*, 10

Gray, 373. The reason for that is stated by Jackson, J., in *Langdon* v. *Potter*, 11 Mass. 313, 316: " There are many such cases, where the matter of the plea goes to preclude the plaintiff forever from maintaining the action, and it may therefore be pleaded in bar; yet, as in point of form it is in disability of the plaintiff, it may also be pleaded to the person."

But in the case at bar the fact, if it be a fact, that the defendant never has been executor or administrator of James N. Balch within this Commonwealth, goes to the cause of action. If it is true it precludes the plaintiff from maintaining an action and is not in substance or in point of form " in disability of the " defendant. We are of opinion that the matter stated in the first answer in abatement was not matter for a plea in abatement.

We think that the demurrer to the answer may be taken to be a demurrer to the answer so far as it sets up the fact that the defendant was not appointed an executor in Massachusetts. So taken it should have been sustained for the reasons already given.

At the argument before this court the plaintiff did not contend that the defendant is liable by virtue of his appointment in the Surrogate's Court of Kings County in the State of New York, and therefore the objection set up by the second " answer in abatement " in that contingency need not be considered. We do not mean to intimate that such a conditional answer in abatement is proper. See *Suit* v. *Woodhall*, 116 Mass. 547; *Caverly* v. *Mc Owen*, 123 Mass. 574; *Mountford* v. *Cunard Steamship Co.* 202 Mass. 345, 348.

*Judgment for the defendant reversed.*