KATHERINE WHITE *vs.* E. T. SLATTERY COMPANY.

Suffolk.    March 8, 9, 1920. — May 20, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Negligence*, Employer's liability. *Workmen's Compensation Act. Practice, Civil,* Abatement, Issues to jury, Separate trials of different issues, Ordering verdict, Exceptions. *Pleading, Civil,* Plea in abatement, Answer.

A defence to an action of tort at common law for personal injuries received after July 1, 1912, that at the time of the injuries the plaintiff was in the employ of the defendant who was a subscriber under the workmen's compensation act, St. 1911, c. 751, that at no time had the plaintiff given to the defendant notice under Part I, § 5 of the act that he claimed a right of action at common law to recover damages for personal injuries, and that therefore such right of action at common law was waived, is not matter in abatement, but is a defence in bar of the action.

The question, whether allegations contained in a pleading filed in defence of an action constitute matters in abatement or in bar, is to be decided, not by the form of the pleading, but by the substance of the allegations.

Description, by RUGG, C. J., of matters which properly may be pleaded in abatement in an action at law.

In an action of tort for personal injuries, the defendant filed a pleading entitled "Motion and Plea," which contained the allegations above described, and claimed a trial by jury upon that issue. At that trial the judge submitted to the jury one issue only, "At the time of the accident alleged . . . was she [the plaintiff] an employee of the defendant?" the jury answered, "She was not," and the defendant alleged exceptions. *Held,* that, the matter set out in the alleged "Motion and Plea" being in bar and not in abatement, the trial must be treated as a trial of a single issue in bar.

In the circumstances above described, it was *stated* that it was unnecessary to determine whether separate and distinct trials by jury of several defences in bar could have been had against the objection of a party, or whether in any case they ought to be permitted as matter of discretion; but that in a wise exercise of sound discretion there should have been but one trial involving all issues in bar of the plaintiff's claim.

After the trial of the single issue above described, there was a further trial of the action upon the general issue, at which the trial judge ordered a verdict for the defendant, and the plaintiff alleged exceptions. In determining whether there was evidence warranting the submission to the jury of the special question, "At the time of the accident . . . was she [the plaintiff] an employee of the defendant?" the facts and evidence described in the plaintiff's bill of exceptions saved at the trial of the general issue, as well as those described in the defendant's bill of exceptions saved at the trial of the special issue, were taken into consideration.

A woman was employed as a buyer of millinery under a general contract in writing

for a year at a stipulated weekly salary by the proprietor of a store occupying an entire building in a city, and was given by her employer a regular lunch hour to do with as she saw fit. The employer was a subscriber under the workmen's compensation act and the woman had given no notice under Part I, § 5 of the act, that she claimed a right of action at common law for personal injuries. On a certain day the woman elected to take her lunch hour in a workroom in the store and sent another employee to purchase for her some food and some tickets for an evening performance at a theatre, and, upon the employee returning with the food but without the tickets, she partook of her lunch and then started to leave the store to purchase the tickets and was injured in an elevator in the store on her way out. *Held*, that the injury to the woman arose out of and in the course of her employment and that she was not entitled to maintain an action at common law against the proprietor of the store.

In an action by a woman against the proprietor of a store for personal injuries, the defendant filed a "Motion and Plea," in form a plea in abatement, alleging that, at the time when the plaintiff received the injuries, she was an employee of the defendant, was subject to the provisions of the workmen's compensation act, had given no notice that she claimed a right of action at common law for personal injuries and was not entitled to maintain the action. The defendant also filed an answer, without waiving the "plea," denying generally the allegations of the declaration and specifically setting up the same defence as that stated in the "Motion and Plea." The action was referred to a jury for trial of the sole issue, whether, when injured, the plaintiff was an employee of the defendant, that issue was answered in the negative and the defendant alleged exceptions. Thereafter the action was tried upon the general issue, the trial judge at the close of the evidence ordered a verdict for the defendant, and the plaintiff alleged exceptions. This court, having decided that the matter alleged in the "Motion and Plea" was in bar and not in abatement, that the trial of the single issue must be treated as a trial of an issue in bar, that, upon all the evidence at both trials, as a matter of law the injuries received by the plaintiff arose out of and in the course of her employment and that the plaintiff, not having given the notice required by the workmen's compensation act, was not entitled to maintain the action at common law, sustained the defendant's exceptions, ordered judgment for the defendant, and, without examining into the merits of the ruling of the judge at the trial of the general issue, *held*, that the plaintiff was not harmed by that ruling and that the plaintiff's exceptions must be overruled.

TORT for personal injuries, received by the plaintiff when in the act of alighting from an elevator in the store of the defendant, which occupied an entire building on Tremont Street in Boston, the declaration as amended containing only allegations in general terms that on August 30, 1912, the plaintiff, while in the exercise of due care, received serious injury on account of the negligence of the defendant, its agents and servants. Writ dated October 16, 1916.

The defendant filed a document, entitled "Motion and Plea," which is described in the opinion, and also, without waiving that

"Motion and Plea," an answer containing a general denial of the allegations of the writ and declaration and also allegations specifically setting forth in bar the same facts as were alleged in abatement in the "Motion and Plea."

The defendant claimed a jury trial upon the alleged "Motion and Plea," and there was a separate trial on the issue there joined before *Sisk,* J., who submitted to the jury a special question, "At the time of the accident alleged in the plaintiff's amended declaration, was she [the plaintiff] an employee of the defendant?" The jury answered, "She was not;" and the defendant alleged exceptions.

The action then was tried upon the general issue before *White,* J. At the close of the evidence, by order of the judge, a verdict was entered for the defendant; and the plaintiff alleged exceptions.

Material evidence set forth in both bills of exceptions is described in the opinion.

*G. Gleason,* for the defendant.

*J. J. O'Hare & J. P. Sylvia, Jr.,* for the plaintiff.

Rugg, C. J. This is an action of tort wherein the plaintiff seeks to recover compensation for injuries sustained by her in 1912. The plaintiff filed a declaration briefly but adequately setting forth her cause of action. Thereupon the defendant filed a paper which it entitled, "Defendant's Motion and Plea." The substance of this pleading was that at the time of the injuries alleged in the plaintiff's declaration she was in the employ of the defendant and that the defendant was a subscriber under the workmen's compensation act, St. 1911, c. 751, and that the plaintiff had at no time given notice in writing to the defendant under Part I, § 5 of the act, that she claimed a right of action at common law to recover damages for personal injuries, and that hence her right of action at common law was waived, "Wherefore the defendant prays that the writ in said action may abate."

The substantive facts set forth in this pleading do not constitute matter in abatement, but in bar. A plea in abatement goes to the form of the writ; a plea in bar goes to the cause of action. *Whiton* v. *Balch,* 203 Mass. 576, 578. Any fact which impeaches the form of the writ, the timeliness of the action, the capacity of the parties, or such like matter not attacking the foundation of the cause of action, properly may be pleaded in

abatement. Misnomer or any misdescription of parties, *Trull* v. *Howland,* 10 Cush. 109, 112, *Day* v. *Floyd,* 130 Mass. 488, *Anderson* v. *Qualey,* 216 Mass. 106, 108, non-joinder of necessary parties, *Feigenspan* v. *McDonnell,* 201 Mass. 341, 345, *Townsend* v. *Wheatland,* 186 Mass. 343, the bringing of the writ in wrong county, *Silver* v. *Graves,* 210 Mass. 26, 32, pendency of prior suit between the same parties for the same cause, *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 302, *Moore* v. *Spiegel,* 143 Mass. 413, that the plaintiff is not owner of or for any reason is not entitled to prosecute the cause of action either for his own benefit or that of another, *Fay* v. *Guynon,* 131 Mass. 31, 34, temporary inhibition operating on the plaintiff, *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458, coverture, *Hayden* v. *Attleborough,* 7 Gray, 338, the disability of being an Indian, *Jaha* v. *Belleg,* 105 Mass. 208, of being an alien enemy, *Friedenwald Co.* v. *Warren,* 195 Mass. 432, 434, infancy, *Smith* v. *Carney,* 127 Mass. 179, or other disability of plaintiff, *Chamberlayne* v. *Nazro,* 188 Mass. 454, must be taken advantage of by plea in abatement. Certain matters like non-existence of corporation made party to the action, *Whiton* v. *Balch,* 203 Mass. 576, and cases cited, non-tenure in real actions, *Dewey* v. *Brown,* 5 Pick. 238, that the action is prematurely brought, *Franklin Savings Institution* v. *Reed,* 125 Mass. 365, that party is alien enemy in real actions, *Hutchinson* v. *Brock,* 11 Mass. 119, may be pleaded either in abatement or in bar.

The question whether a matter is in abatement or in bar is to be decided, not by the form in which it is presented, but by its substance. If it is essentially in bar of the action, it will be so treated and considered even though cast in the form of a plea in abatement. *Merriman* v. *Currier,* 191 Mass. 133, 141. *Davis* v. *Carpenter,* 172 Mass. 167, 172. *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560, 563.

The facts that the defendant was a subscriber under the workmen's compensation act and that the plaintiff was its employee and had not reserved her common law rights as provided in Part I, § 5 of that act, if found to be true, were a complete bar to the cause of action set out in the plaintiff's declaration provided the injury of which she complained arose out of and in the course of that employment. *Young* v. *Duncan,* 218 Mass. 346. *Gilbert* v.

*Wire Goods Co.* 233 Mass. 570. See *Southern Pacific Co.* v. *Industrial Accident Commission of California,* 251 U. S. 259. These facts did not constitute any disability attaching to the plaintiff, nor any defect in the writ. In short, they do not relate to any matter of form. These facts would not enable the plaintiff to frame a more perfect writ. On the contrary, they went to the very vitals of the plaintiff's action. They showed that she never had, did not have at the date of the writ, and never could have a cause of action at law against the defendant arising out of the incident of which she complained. They demonstrated that her only remedy was under the peculiar procedure afforded by the workmen's compensation act, which is not an action at law at all. It properly, therefore, should have been pleaded in bar and must be treated now as a matter in bar.

In *Young* v. *Duncan,* 218 Mass. 346, the question was raised by a paper entitled "Motion and Plea" which both parties "treated . . . as a plea in abatement," and the case was decided on its merits. That case affords no authority for the contention that the facts here or there pleaded constitute anything else than proper ground for a plea in bar.

This case comes before us on two bills of exceptions. The first one is entitled "Defendant's bill of exceptions with reference to trial on the plea in abatement." It relates to the trial to a jury upon the plea in abatement, incorrectly so called as has been pointed out, for the purpose as therein stated "of determining whether the plaintiff was an employee of the defendant within the meaning of that term as used in the workmen's compensation act." It is unnecessary to determine whether separate and distinct trials by jury of several defences in bar could have been had against the objection of a party or whether in any case they ought to be permitted as matter of discretion. See St. 1913, c. 716, § 2. Ordinarily such separate trials would seem a hardship upon the parties and a burden upon the public treasury.

The facts in their aspect most favorable to the plaintiff, as shown by the whole record in both bills of exceptions, are that the plaintiff was under a general contract of employment with the defendant for the year 1912 at a stipulated weekly salary as its buyer of millinery. She worked in the defendant's store in Boston and spent much of her time on the second and fifth floors, where

were the show rooms and work room, and every day visited the basement to meet jobbers. She had a regular lunch hour between one and two, to do with as she saw fit. "The plaintiff further testified that on the day of the accident she, electing to take her lunch in the workroom on the fifth floor, sent her sister Elizabeth, who was one of her assistants, out to purchase some food and two theatre tickets for the evening performance at Keith's. Elizabeth returned with the food for lunch only, having forgotten the theatre tickets, whereupon the plaintiff, after partaking of the lunch, decided to go out and purchase the theatre tickets herself. About twenty minutes after one the plaintiff put on her street clothing, hat, gloves and wrap, and with the express and sole intention of leaving the store to purchase the aforesaid theatre tickets for herself and her mother, she entered the elevator on the Tremont Street side of the store; . . . the plaintiff at this time was using the elevator to do an errand of her own in which the defendant was in no wise interested. While alighting from the elevator at the street floor on her way to the theatre, the plaintiff received injuries . . . on account of the alleged negligence of the defendant company, its agents and servants." The elevator on which the injury occurred was in the store of the defendant and was used in common by its customers and employees. It is not disputed that the defendant was a subscriber under the workmen's compensation act, subject to all the liabilities and entitled to all the rights accruing therefrom.

There is no evidence tending to show, and the plaintiff does not contend, that she had given the notice required by Part I, § 5 of the act as a condition precedent in order to enable her to maintain an action at common law for injuries arising out of and in the course of her employment.

The only reasonable inference of which these facts and the evidence are susceptible is that the injury to the plaintiff arose out of and in the course of her employment. She was within the store of her employer. The only occasion for her presence there at the time and place was the fact of her employment. When she entered the store on her way to work and pursued the proper course to the place of her labors, while there in the performance of her duties as employee and until she had left the store by the ordinary means of exit, she was engaged in the pursuit of her employment, entitled

to the protection and subject to the limitations of the workmen's compensation act. Numerous of our cases illustrate the principle that the sphere of employment exists and affords its shield to the employee while within the premises of the employer on the way to or on the return from actual performance of the specific duties of the employment. *Sundine's Case,* 218 Mass. 1. *Stacy's Case,* 225 Mass. 174. *O'Brien's Case,* 228 Mass. 380. *Uzzio's Case,* 228 Mass. 331. *Hallett's Case,* 230 Mass. 326; 232 Mass. 49. See *O'Toole's Case,* 229 Mass. 165, 167, and *Rochford's Case,* 234 Mass. 93. Several cases decided under the English act go quite as far as our own decisions in this direction. See, for example, *John Stewart & Son,* [1912] *Ltd.* v. *Longhurst,* [1917] A. C. 249; *Moore* v. *Manchester Liners, Ltd.* [1910] A. C. 498; *Charles R. Davidson & Co.* v. *M'Robb,* [1918] A. C. 304; *Webber* v. *Wansborough Paper Co. Ltd.* [1915] A. C. 51; *Lancashire & Yorkshire Railway* v. *Highley,* [1917] A. C. 352.

The plaintiff was leaving the store of her employer with the purpose of doing an errand on her own account having no relation to her employment. That fact is of no consequence under these circumstances. She was doing it on her own time and not on her employer's time. She was in this particular in the same condition as she would have been if leaving the store at the end of her labor for the day. She had a right under the terms of her employment to go out at the lunch hour on her own affairs. She was as much within the scope of her employment as were any of the employees in the cases cited where they have been held within the protection of the act.

The case at bar is distinguishable from *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560. In that case the plaintiff was leaving the public elevator in her employer's building, occupied by many other tenants as well as by itself, at a floor other than that of her employment or general place of exit on an errand of her own, and it was held that she had so far as concerned her employment left the premises of the employer. She was as much away as if in another office building to visit a friend. In the case at bar the plaintiff was using the ordinary means of leaving her employer's premises in the usual way, but had not left the part where her employment carried her. It follows that at the trial to which the first bill of exceptions relates, the fifth request of the

defendant that a verdict be ordered in its favor on the ground that the plaintiff was an employee under the workmen's compensation act at the time of the accident and received an injury, which arose out of and in the course of her employment, should have been granted.

The question submitted to the jury was this: "At the time of the accident alleged in the plaintiff's amended declaration, was she an employee of the defendant?" No objection appears to have been made to the form of the question. The jury returned this answer: "She was not."

The case then came on for a second trial to a jury on the general issue. The judge ordered a verdict in favor of the defendant. The plaintiff's exception thereto constitutes the second bill of exceptions. It is not necessary to decide whether there was error in this ruling on the evidence set forth in that bill of exceptions on the assumption that the finding of the jury had at the first trial must stand, for the reason that, if there was, the plaintiff has suffered no harm. A verdict should have been ordered on all the evidence disclosed in both bills of exceptions on the grounds already stated, viz., that, the plaintiff being an employee of a subscriber under the workmen's compensation act and not having taken the steps necessary to retain her rights to an action at common law, and the injury having been received and having arisen out of and in the course of her employment, she could not maintain an action at common law. This ground in its essence is fatal to her right to recovery on the merits in an action at common law. As it seems to us, in the wise exercise of sound discretion there would have been but one trial involving all issues in bar of the plaintiff's claim. If that course had been pursued, a verdict should have been ordered for the defendant on all the evidence for the reasons stated. Without deciding, however, that issues of substance never can be divided and tried separately to a jury, it is enough to say that, as matter of correct rulings of law, a verdict should have been ordered in favor of the defendant on the first trial and then there would have been no second trial. But the second trial having been had and a final verdict having been rendered which was right in its result, it need not be disturbed.

The defendant's exceptions must be sustained and judgment ordered in its favor under St. 1909, c. 236. It is familiar law that

a right ruling will be sustained although a wrong reason was given. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384. Although the direction of the verdict at the second trial does not fall within the letter of this rule, it comes within its spirit and its substance. It accomplished the result which is inevitable on the whole record. The entry may be

> *Defendant's exceptions sustained and judgment entered for the defendant under St. 1909, c. 236. Plaintiff's exceptions overruled.*