## HOLYOKE WATER POWER CO. v. AMERICAN WRITING PAPER CO., Inc.

### No. 5932.

District Court, D. Massachusetts.
Oct. 24, 1934.

Bentley W. Warren, Howard Stockton, Jr., and Warren, Garfield, Whiteside & Lamson, all of Boston, Mass., for plaintiff.

Charles P. Curtis, Jr., Choate, Hall & Stewart, and John L. Hall, all of Boston, Mass., and Russell L. Davenport and O'Connor & O'Connor, all of Holyoke, Mass., for defendant Park Nat. Bank.

McLELLAN, District Judge.

The plaintiff seeks to recover for the defendant's alleged failure to perform its obligations to make certain payments under the terms of various indentures as rental for mill powers. The indentures provide in substance that the defendant shall pay to the plaintiff a quantity of gold which shall be equal in amount to a certain number of dollars of the gold coin of the United States of the standard weight and fineness of a certain year, or the equivalent of this commodity in currency.

The defendant filed what it termed a "plea in bar to plaintiff's declaration." At the beginning of a hearing upon this plea last Friday, I asked counsel whether the paper constituted a plea in bar, and whether, if it did, special pleas in bar had not been abolished in Massachusetts. Yesterday I received a brief from defendant's counsel dealing with these questions.

The first question is whether the plea raises any issue other than the amount of the damages to which the plaintiff would be entitled if it maintains the action. If no other issue is raised by the plea, it is not a plea in bar, and it should not be heard prior to a trial of the whole case.

The defendant says in its plea that the provisions in the indentures as to the method of payment are against public policy and are to be discharged upon payment dollar for dollar in any coin or currency which at the time of the payment of the rentals is legal tender for public and private debts. It is said "that otherwise or in any other money the said provisions are unenforceable" by reason of the Joint Resolution of Congress of the United States, as approved by the President on June 5, 1933. A copy of the resolution is annexed to the plea. The plea then goes on to state that the defendant tendered the amount which, according to its contention, is payable, on a date prior to the date of the writ in this action; states that it now brings the sum into court for the plaintiff; and "that the tender of the defendant as aforesaid is a good and sufficient discharge of all its obligations herein sought to be enforced against it and of all the several claims of the plaintiff herein"; and prays for judgment for the defendant with costs.

If the defendant's contention as to the amount payable is correct, it does not follow that entry of judgment for the defendant is permissible. The defendant has not brought the money into court, but has only said that it does so. Cases where the amount tendered was actually brought into court and the plaintiff was at liberty to take it, no matter how the case came out, do not warrant the conclusion that a tender of the kind here made amounts to a discharge of the defendant's obligations. Rule 42 of the Superior Court of Massachusetts, providing that payment into court entitles a defendant to judgment if the plaintiff does not prove more to be due to him, is entirely inapplicable to a tender not followed by a deposit in court of the amount tendered. As stated by Wilde, C. J., in Dixon v. Clark, 5 C. B. 365, 377:

"In actions of debt and assumpsit, the principle of the plea of tender, in our apprehension, is, that the defendant has been always ready (toujours prist) to perform entirely the contract on which the action is founded; and that he did perform it, as far as he was able, by tendering the requisite money; the plaintiff himself precluding a complete performance, by refusing to receive it. And, as, in ordinary cases, the debt is not discharged by such tender and refusal, the plea must not only go on to allege that the defendant is still ready (uncore prist), but must be accompanied by a profert in curiam of the money tendered. If the defendant can maintain this plea, although he will not thereby bar the debt (for that would be inconsistent with the uncore prist and profert in curiam), yet he will answer the action, in the sense that he will recover judg-

ment for his costs of defense against the plaintiff."

See, also, Williston on Contracts, §§ 1816 and 1817.

Under the circumstances, it is unnecessary to decide whether the action is to be construed as calling for unliquidated damages, in which event it is probable that no tender would be effective even as to the matter of costs.

In this connection it should be stated that no attempt is made to pass upon the question whether the defendant's alleged tender is of such a character and so kept good as to throw upon the plaintiff the costs, if it should be determined later that the plaintiff is entitled to recover no more than the amount tendered. If the defendant is right about the extent of its obligations, and if, by reason of the tender made, the defendant were entitled eventually to judgment, it does not follow that the "plea in bar to plaintiff's declaration" should be heard apart from other issues in the case.

 In this action at law, the state practice for all practical purposes governs. General Laws (Ter. Ed.) Mass. c. 231, § 22, provides that "in personal actions, the defendant shall file an answer to the declaration." The statutes cited in connection with this section of the General Laws are: St. 1836, c. 273, § 1; St. 1851, c. 233, § 20; St. 1852, c. 312, § 12; G. S. c. 129, § 15. In considering these statutes, the court in Foye v. Patch, 132 Mass. 105, at page 110, said:

"The Sts. of 1851, c. 233, and 1852, c. 312,—which last was incorporated into the General Statutes as chapter 129,—made a radical change in the law of pleading in personal actions. Special pleas in bar as formerly used were abolished, as well as the general issue in all except real and mixed actions. Gen. Sts. c. 129, § 15. Every substantive fact intended to be denied must be denied in the answer in clear and precise terms. Section 17. Every substantive fact intended to be relied upon in avoidance of the action must be set forth in the answer, in clear and precise terms. Section 20. * * * "

It is true that in White v. E. T. Slattery Company, 236 Mass. 28, 127 N. E. 597, the court expressly declined to decide that issues of substance can never be divided and tried separately, and that in DiRuscio v. Popoli, 269 Mass. 482, 169 N. E. 548, 550, the court said:

"In general a case ought to be tried at one time on all its issues and not heard in pieces, although special circumstances occasionally may justify a different course. * * * * "

It is noteworthy that in the DiRuscio Case the court held that the record should be interpreted to mean that a so-called plea in bar was allowed by the trial court to be filed as in substance an amendment to the defendant's answer.

 Special pleas in bar have been abolished, so far as the present practice in this district is concerned, and while the court may under exceptional circumstances occasionally direct the trial of one of several issues presented by the declaration and answer, such a course might well be regarded as an abuse of discretion in a case of this type. Since the plea goes only to the question of damages and in view of the abolition of special pleas in bar in Massachusetts, I see no occasion for taking evidence or hearing arguments on the merits of the plea.

The "plea in bar to plaintiff's declaration" is overruled, but without prejudice to a motion by the defendant to amend its answer, if so advised, to the end that all issues may be tried together.