Estes, J.
The report in this.action indicates that the defendant replevied a dog from the plaintiff by writ from the District Court of Southern Essex, and gave bond as required by law. While that action was pending the plaintiff brought this action for conversion of the dog. The defendant filed a pleading entitled “plea in abatement”, claiming that this action will not lie until the replevin action is determined in favor of this plaintiff. The trial court overruled the “plea in abatement”.. ■
The report does not state that it contains all the evidence material to- the question reported, but the parties treat the matter as if it does.' The court filed no findings of facts. *375 We deal with the matter as if properly before this Division.
The parties have argued this ease as if the only issue is whether or not, as a matter of law, an answer (or plea — see Gen. Laws, Ch. 231, See. 20; Hosmer vs. Commonwealth, 1939 A. S. 485) in abatement is proper on the facts here recited.
We are of the opinion, however, that whether the pleading of the defendant is in effect an answer in abatement or in bar we do not need to determine. Hosmer vs. Commonwealth, 1939 A. S. 485, White vs. Slattery, 236 Mass. 28. Nor whether the facts alleged show the pendency of a prior suit between the same parties for the same cause, or that this action is prematurely brought.
‘ ‘ The question whether a matter is in abatement or in bar is to be decided, not by the form in which it is presented, but by its substance. If it is essentially in bar of the action, it will be so treated and considered even though cast in the form of a plea in abatement.” White vs. Slattery Co., 236 Mass. 28, at page 31.
“The character and purport of a pleading are to be determined by the substantial allegations and the essential matters which it contains rather than its form or the title by which it is described.” Hosmer vs. Commonwealth, 1939 A. S. 485. And, as there stated, we think in this case “that the pleading in question should be treated as an answer in accordance with its plain tenor and its true purpose.”
The fact that the defendant replevied the dog and gave bond as required is, we think, a complete bar to the cause of action set out in the plaintiff’s declaration. The rights of the parties will be determined in the replevin action, and they will be res judicata. To hold otherwise might result in two inconsistent findings in different courts. The bond was required from the plaintiff in replevin before the officer taking the dog could turn it over to him, and thereupon the *376 defendant in replevin became entitled to the benefit of the bond. In the instant action, the plaintiff would be entitled to damages only, if he were allowed to recover. In the replevin actipn he is regarded as suing both for a return of the dog and for damages. In replevin the damages must be assessed in that action; they cannot be made the basis of an independent action; they are but an incident to the proceeding for the recovery of the property.
See Gen. Laws, Chapter 247. Cobbey on Replevin, Sections 846 and 847. Ela vs. Edwards, 97 Mass. 318.
Since we are of the opinion that the plaintiff in the case at bar can not now, or at any time in the future, recover by reason of the replevin action, and that the pleading should be treated as an answer in bar, the finding of the court is reversed, and finding for the defendant is ordered.