*Northern District*

No. 8162

**JET CONSTRUCTION CO., INC. ASSIGNEE OF GEORGE W. LAZARIS, ET AL**

**v.**

**C. C. WHITTEN, INC.**

Argued: Feb. 2, 1974 - Decided: June 7, 1974

*Present:* Bacigalupo, P.J., Forte, & Flynn, JJ.
Case tried to *Thomson, J.* in the Third District Court of Essex. No. 19 of 1971.

**Forte, J.** In this action in contract the plaintiff, hereafter referred to as Jet, appeals from an order sustaining the defendant's answer in abatement which alleges a "prior action pending between the same parties for the same cause of action".

An answer in abatement properly lies to abate a second action during the pendency of a prior suit between the same parties for the same cause of action. *White* v. *Slattery Co.,* 236 Mass. 28; *Moore* v. *Spiegel,* 143 Mass. 413. An answer in abatement should be sustained if the issues on both actions are to all intents and purposes the same and the parties before the court are the same. *Jacoby* v. *Babcock Artificial Kidney Center, Inc.,* —— Mass.

——.[1] "A court of law will not permit a defendant to be vexed by two actions of law, for the same cause, in the same jurisdiction, by the same plaintiff . . ." *Stahler* v. *Sevinor,* 324 Mass. 18, 23.

The report states that this action is by the plaintiff as assignee of George W. Stella Lazaris, referred to hereafter as Lazaris, seeking to recover $700.00, was commenced subsequent to an action in the same District Court by Jet "on its own claim" against the defendant seeking $700.00. The earlier action is docketed as #68 of 1970. Third District Court of Essex. Therefore, we must compare the two declarations.

Although the report states that it "contains all the evidence material to the question involved", it does not include the declaration of the earlier action, # 68 of 1970, which is essential for our determination of the issue. Although we are bound by the contents of the report, *Sullivan* v. *Aussebel,* 39 Mass. App. Dec. 222, 227, yet, as we are sitting as the Appellate Division of the Third District Court of Essex, we take judicial notice of all our files which include the declaration in # 68 of 1970 as it is entered upon the docket of the Third District Court of Essex and of the declaration in #8161 which is on the docket of this Division. *Miller* v. *Norton,* 353 Mass. 395, 399;

---

[1] Adv. Sh. 1974, p. 97

*Assessors of Lawrence* v. *Arlington Mills,* 320 Mass. 272, 273-274.

The substitute declaration of #68 of 1970 is in two counts, as follows:

"COUNT I

"And the plaintiff says that the defendant owes it the sum of Seven Hundred ($700) Dollars, for money had and received *to the use of the plaintiff* and interest, in accordance with the account hereto annexed marked "A". (Emphasis added).

"A"

"C. C. Whitten, Inc.

TO: Jet Construction Co., Inc.

"ITEM

1. Payment received from Lynn Institution for Savings for inside finish on Lazaris house     $700.00

2. Interest from September 1, 1969, on or about which date demand for payment was made     35.00

3. Total due     $735.00

"COUNT II

And the plaintiff says that on or about the 17th day of October, 1968 it entered into a written contract with the defendant, a copy of which is hereto annexed marked "B", for the sale and purchase of a "Shell" package ranch style house, specifically excluding the inside finish materials, which the defendant at the

time was unable to furnish. When the inside finish, which the plaintiff was obliged to purchase from other suppliers was installed, the Lynn Institution for Savings, in accordance with an authorization of the owner, a copy whereof is hereto annexed marked "C", sent a check for Seven Hundred ($700) Dollars to the defendant which the defendant fails and refused to repay to the plaintiff, wherefore the defendant owes the plaintiff the said sum of Seven Hundred ($700) Dollars, together with interest from January 12, 1970, on or about which date demand for payment was made.

"Both counts are for the same cause of action."

The declaration of the instant case, # 19 of 1971 is also in two counts, to wit:

"COUNT I

"And the plaintiff as assignee of George W. Lazaris and Stella Lazaris, says that the defendant owes it the sum of Seven Hundred ($700.00) Dollars, for money had and received *to the use of the plaintiff's assignor* and interest, in accordance with the account hereto annexed marked "A". (Emphasis added).

"A"

C. C. Whitten, Inc.

TO: Jet Construction Co., Inc.
Assignee of George W. Lazaris
and Stella Lazaris

ITEM

1. Payment received from Lynn Institution for Savings for inside finish on Lazaris house — $700.00

2. Interest from September 1, 1969, on or about which date demand for payment was made — 56.00

3. Total due — $756.00

"COUNT II

And the plaintiff says that on or about the 17th day of October, 1968 it entered into a written contract with the defendant, a copy of which is hereto annexed marked "B", for the sale and purchase of a "Shell" package ranch style house, specifically excluding the inside finish materials, which the defendant at the time was unable to furnish. When the inside finish, which the plaintiff was obliged to purchase from other suppliers was installed, the Lynn Institution for Savings, in accordance with an authorization of the plaintiff's assignor, a copy whereof is hereto annexed marked "C", sent a check for Seven Hundred ($700.00) Dollars of funds of the plaintiff's assignor to the defendant which the defendant fails and refuses to repay to them or to the plaintiff, wherefore the defendant owes the plaintiff as said assignee the said sum of Seven Hundred ($700) Dollars, together

with interest from January 12, 1970, on or about which date demand for payment was made.          '

"Both counts are for the same cause of action."

It should be pointed out that each Count II ʜas annexed marked "B" a contract between Jet and Whitten in the amount of $5062.00 and each Count II has annexed marked "C" reference to a contract between Lazaris and Whitten in the amount of $6,260.00. Obviously these are two different contracts between different parties in different amounts. However, even assuming the allegations in Counts II are true, neither of the Counts II state, even imperfectly, any kind of a cause of action; therefore we focus on the Counts I.

Count I of # 68 of 1970 states a cause of action using a common count for money had and received by the defendant for the use of Jet. *Jet Construction Co., Inc.* v. *C. C. Whitten,* # 8161 (decided earlier by this Appellate Division). The issues relate to the relationship and business between Jet and Whitten, and whether as a result of the relationship, Whitten has received money for the use of Jet.

Count I of # 19 of 1971, brought in the name of the assignee, states a cause of action using a common count for money had and received by the defendant for the use of the assignor Lazaris, a party distinct from Jet. The issues

relate to the relationship and business between Lazaris and Whitten, whether as a result of the relationship, Whitten has received money for the use of Lazaris; and whether Lazaris has assigned in writing this chose in action to Jet.

An assignee by a written assignment may bring an action in his own name, but subject to all the defenses and other relevant rights to which the defendant would have been entitled had the action been brought in the name of the assignor. G.L. c. 231, § 5.

Although failure to allege in the declaration that the assignment was in writing is a defect that may be raised by demurrer only, *Phipps* v. *Bacon,* 183 Mass. 5, yet, when the objection is not raised, as here, then proof that the assignment is in writing may be offered at the trial. *Barry* v. *Duffin,* 290 Mass. 398.

Therefore, we find that the issues in Count I of # 68 of 1970 and in Count I of # 19 of 1971 are not the same, and the answer in abatement should not have been sustained.

The order sustaining the answer in abatement is reversed and the action is restored to the trial list.

BERKAL & BERKAL
for Plaintiff