EUGENE B. WILLARD *vs.* BANCROFT REALTY COMPANY.

Worcester.   September 28, 1927. — January 6, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* To whom act applies.

An employee of a subcontractor engaged in the business of welding and cutting steel beams brought an action at law against the owner of, and general contractor for the construction of, an addition to a hotel building for personal injuries received while engaged in the work of using a flame of mixed oxygen and acetylene gases for cutting off a fire escape preparatory to changing an exterior into an interior wall of the building. The defendant was engaged in the maintenance of the building, which it leased to another corporation operating it as a hotel. The plaintiff had given no notice of retention of common law rights. Both his employer and the defendant were insured under the workmen's compensation act, G. L. c. 152. *Held,* that

(1) The work of the plaintiff was performed on the premises of the defendant and was not "merely ancillary and incidental" to the business carried on by the defendant;

(2) By § 18 of the act, the plaintiff had no right of action at common law.

TORT for personal injuries.   Writ dated April 11, 1925.

In the Superior Court, the action was tried before *O'Con-*

*nell*, J.  Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. W. Proctor*, for the plaintiff.

*C. C. Milton*, for the defendant.

WAIT, J.  This is an action of tort brought by an employee of a subcontractor against a general contractor, for injuries sustained through the alleged negligence of the defendant in putting him at work in a dangerous place, without warning, upon a platform defective by reason of its lack of care.  Both the subcontractor and the general contractor were insured under the workmen's compensation statute, G. L. c. 152. No notice of retention of common law rights had been given by the plaintiff.  The defendant contends that in such circumstances there can be no recovery in this action at law. The law is well established that an injured employee who has a right to compensation under G. L. c. 152, and who has not reserved his rights at common law by notice under the statute, cannot maintain an action at law against any one liable to him for such compensation.  G. L. c. 152, § 24. *Young* v. *Duncan*, 218 Mass. 346.  *Cox's Case*, 225 Mass. 220.  *White* v. *George A. Fuller Co.* 226 Mass. 1.  *Gilbert* v. *Wire Goods Co.* 233 Mass. 570.  *White* v. *E. T. Slattery Co.* 236 Mass. 28.  *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195.  *Catalano* v. *George F. Watts Corp.* 255 Mass. 605. *Comerford's Case*, 229 Mass. 571; *S. C.* 224 Mass. 573.  The plaintiff, however, contends that an exception exists under § 18 of the statute, and that upon its facts this case is within the exception.  Section 18 provides for compensation under the act for injured employees of independent or subcontractors who have contracted to do all or part of the work comprised in the job which a general contractor is carrying on, if the insurer would be liable had they been employees of the general contractor; but makes an exception if the contract of the independent contractor or subcontractor is "merely ancillary and incidental to, and is no part or process in, the trade or business carried on by the insured" or "where the injury occurred elsewhere than on, in or about the premises on which the contractor has undertaken to execute the

work for the insured or which are under the control or management of the insured."

There was no dispute that the defendant was constructing an addition to a building owned by it in which a separate corporation carried on a hotel business, and that a metal fire escape on what had been the outer wall of the old building was to be removed so that the wall might become part of an inner wall of the enlarged building. The plaintiff's employer was in the business of welding and cutting iron and steel beams by a process which used a flame of mixed oxygen and acetylene gases. Most construction concerns, except the very largest contractors, let out such work. He did nothing but welding and cutting. The defendant requested him to furnish a cutter to take down the fire escape which necessitated cutting the beams that held it to the old wall. He sent the plaintiff with the cutting equipment. The plaintiff went to work, under the direction of the defendant's general foreman, and was aided by two helpers furnished by the foreman. He was hurt while at work by falling from or through a platform on the old fire escape. It is manifest that such work as he was doing occurred on the premises where his employer had undertaken to execute it for the defendant, which were under its control; and equally clear that it was not merely ancillary and incidental to the business carried on by the defendant but was a process in it.

The welding and cutting of metal although so distinct in character that they are done by contractors and men who do nothing else, are essential elements in the construction of buildings. Such work is not "merely ancillary and incidental." Unless it is done, the construction will be impossible. It is not rendered ancillary or incidental by the fact that it is done by a special method in a particular case. Nor is the construction of a hotel building or an addition to one, ancillary or incidental, no part or process in the business of the defendant corporation. One of the purposes for which it was formed was that very thing.

In *Comerford's Case, supra*, it was held that transporting materials from a place of storage to the premises where they

were to be used in construction was not ancillary and incidental work within what is now § 18.

This case falls within the principle of that decision, and of *White* v. *George A. Fuller Co.*, *supra; Bindbeutel* v. *L. D. Willcutt & Co.*, *supra;* and *Catalano* v. *George F. Watts Corp.*, *supra.* See also *Sundine's Case*, 218 Mass. 1.

The judge was right in directing a verdict for the defendant. No action at law could be maintained. It is unnecessary to consider the other questions presented by the report. In accordance with its terms judgment on the verdict is to enter for the defendant.

*So ordered.*