WILLIAM CORBETT's (dependent's) CASE.

Suffolk.    November 8, 1929. — January 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* To whom act applies, Employee of independent contractor, Findings by Industrial Accident Board, Appeal.

In proceedings under the workmen's compensation act, findings of fact by the Industrial Accident Board which are supported by evidence are not subject to review and must stand; in this respect the procedure under the act follows that in actions at law and not that in suits in equity.

There was, in buildings owned by a corporation and used by it for manufacturing purposes, "an accumulation of the ordinary day to day repairs," which customarily had been done by the corporation's employees and which had brought about a condition endangering the proper working of the machinery. The corporation employed a jobber to remedy such condition. The jobber was told that he would need more men than himself. He accordingly instructed two carpenters to report to the corporation to do the required work. One of these men received injuries resulting in his death while so at work. Instructions were given to the jobber by the corporation during the progress of the work; and on certain occasions instructions were given by the corporation to the deceased and the other carpenter in the jobber's absence. The corporation was a subscriber under the workmen's compensation act. The jobber was not. The widow of the deceased carpenter claimed compensation under the act from the insurer of the corporation. The Industrial Accident Board found that the deceased was not an employee of the corporation and that the work upon which he was engaged was not a part of the "trade, business or profession" of the corporation within the meaning of § 18 of the act. In the Superior Court, a decree was entered dismissing the claim. *Held,* that

(1) The findings by the board were upon questions of fact and must stand;

(2) The findings showed that the deceased was an employee of an independent contractor;

(3) In view of the finding, that the work which the deceased had been doing was not a part of the "trade, business or profession" of the corporation, the claimant was not entitled to compensation under § 18 of the act;

(4) The decree was proper.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board dismissing a claim by the

widow of William Corbett, who received injuries resulting in his death while working on the premises of Bay State Insulated Wire and Cable Company.

By order of *Cox*, J., in the Superior Court, the report was ordered recommitted to the Industrial Accident Board for certain further findings. Such findings having been made and certified, a decree was entered by order of the judge dismissing the claim. The claimant appealed. Material facts found by the board are stated in the opinion.

*L. S. Nicholson*, for the claimant.

*W. I. Badger*, for the insurer.

CROSBY, J. This is a proceeding under the workmen's compensation act (G. L. c. 152) against the insurer of the Bay State Insulated Wire and Cable Company, herein called the Company. The claimant is the widow of William H. Corbett, a carpenter who fell from a ladder while nailing up some windows on the premises of the Company, and received injuries which resulted in his death. The only questions for decision are whether at the time of the injury he was an employee of the Company, and, if not, whether, as the employee of an uninsured, independent contractor, he was entitled to compensation under § 18 of the act.

The pertinent facts found by the Industrial Accident Board on recommittal to it by a judge of the Superior Court were as follows: One McNamee, the president, treasurer and general manager of the Company, employed one Mitchell, a carpenter and jobber, to do general repair work on buildings owned by the Company, and used by it during the preceding twenty-two years in the manufacture of rubber covered wires for electrical purposes, and "to house its employees, office, machinery and stock and as a plant wherein to carry on its work." The work which Mitchell was engaged to do was "an accumulation of the ordinary day to day repairs," similar in nature to the carpentry repair work customarily taken care of by the Company's millwright, one De Fillippo, and its other employees. "The work done by Mitchell and his men consisted of ordinary and essential repairs." Parts of some of the foundation

sills had rotted and as a result portions of the walls sagged and the floors became uneven. When he was hired this situation was becoming worse, and unless it was remedied by repairs or otherwise, "it was merely a matter of time when the machinery and power shafting would be getting out of level and plumb and the machinery would not run." McNamee told him that he would have to use more men than himself. Accordingly, Mitchell ordered Corbett, the deceased, and another carpenter, named Brown, to report at the Company to do the work Mitchell had agreed to do. Because of the nature of the work it was impossible to give full instructions to Mitchell at the time he was employed, and instructions were given to him by McNamee as the work progressed; on at least two occasions such instructions were given by McNamee to the two workmen in the absence of Mitchell. Although there was no conversation between Mitchell and McNamee, when Mitchell was engaged, upon the point whether McNamee was to give orders to the men, such procedure was impliedly contemplated by their agreement.

The board member found that the deceased, at the time of his injury, was not an employee of the Company, and that the work he was doing was not part of the "trade, business or profession of the subscriber" within the meaning of § 18 of the act. The decision and findings of the single member were affirmed by the reviewing board. A judge of the Superior Court, after recommitting the case to the Industrial Accident Board for specific findings, entered a decree dismissing the claim for compensation.

It is settled that the findings of fact by the Industrial Accident Board rest "upon the same footing as the finding of a judge or a verdict of a jury," and must stand if there is any evidence to support them. *Pigeon's Case*, 216 Mass. 51, 52. "The Superior Court has no authority to review the finding of the board and adopt that of the single member in preference to that of the board. Its only function is to determine as matter of law what kind of a decree ought to be entered upon the decision made by the board." *Di Giovanni's Case*, 255 Mass. 241, 242, and cases cited. It

follows from these decisions and from the words of the statute that, although, in general, proceedings under the workmen's compensation act are according to equity rather than law, *Gould's Case*, 215 Mass. 480, 483, yet with respect to the findings of fact made by the Industrial Accident Board the procedure follows law and not equity.

The questions remain whether the deceased was an employee of an independent contractor, and if so, whether his widow is entitled to compensation under G. L. c. 152, § 18. Under this section the claimant is entitled to compensation from the insurer even though the deceased was not in the employ of the Company, provided Mitchell was an independent contractor and the work in which he was engaged was a "part of or process in, the trade or business carried on by the insured" and not merely ancillary and incidental thereto. Section 18 was taken in part from the English workmen's compensation act of 1897 (60 and 61 Vict. c. 37, § 4). In the Report of the Massachusetts Commission on Compensation for Industrial Accidents (1912) at page 52, it was said with reference to § 17 of St. 1911, Part III, c. 751 (now G. L. c. 152, § 18) that "The object of this section was to prevent the possibility of defeating the act by hiring an irresponsible contractor to carry on part of the employer's work. Its provisions are similar to those of the English act of 1897, but the phraseology of the first part of the section was copied from the Massachusetts employers' liability act. The last part of the last sentence was taken from the English act of 1906, and is designed to avoid a defect which was found to exist in the earlier English act." It was also stated by the commission in the same report, at page 46, that "The language of the English act of 1897 was followed whenever possible for the reason that the words of that act have received judicial interpretation by the highest courts of England, and by adopting the same phraseology litigation would be avoided." The fact that the "ancillary or incidental" clause in the English act of 1897 was omitted from the act of 1906 does not lessen the authority of the English cases which were decided under the act of 1897, as the Legislature in enacting St. 1911, c. 751, Part III, § 17, must

be presumed to have had those decisions in mind. *Pearce* v. *London & South Western Railway*, [1900] 2 Q. B. 100, and *Wrigley* v. *Bagley & Wright*, [1901] 1 K. B. 780, both decided under the English act of 1897, held that the work in which the workmen were engaged was merely incidental to the business of the employer. These cases involve substantially the same questions as those presented in the case at bar, and if followed will require a decision adverse to the present claimant. See also *Knight* v. *Cubitt & Co.* [1902] 1 K. B. 31.

It is plain that, upon the facts found, Mitchell was an independent contractor and not an employee of the Company. It is equally plain that Corbett was an employee of Mitchell and that he did not at any time become an employee of the Company. It is the contention of the claimant that, if Corbett was not an employee of the Company, he was an employee of Mitchell, an independent contractor working for the Company, and was entitled to compensation under G. L. c. 152, § 18, which in part reads as follows: "This section shall not apply to any contract of an independent or sub-contractor which is merely ancillary and incidental to, and is no part of or process in, the trade or business carried on by the insured. . . . " The agreement between the Company and Mitchell related to general repairs upon the buildings of the Company. The work to be done by Mitchell consisted of an accumulation of ordinary day to day repairs which were usually done at different times by employees of the Company. The single member found the work that Mitchell and his employees did was not a part of the business carried on by the insured. There was ample evidence to support that finding. The findings of the board show that Mitchell was an independent contractor and that the work which he was engaged to perform was no part of or process in the trade or business carried on by the insured. These findings must stand. The case at bar is indistinguishable from *Pearce* v. *London & South Western Railway, supra,* *Wrigley* v. *Bagley & Wright, supra,* and *Dundee & Arbroath Joint Railway* v. *Carlin,* 3 Fraser 843 [1901 Sc. Ct. of Sessions]. See also in this connection *Knight* v. *Cubitt & Co. supra; People's Ice Co.* v. *Employers' Liability Assurance*

*Corp.* 161 Mass. 122; *Pickett* v. *Waldorf System, Inc.* 241
Mass. 569; *McCarthy* v. *Waldorf System, Inc.* 251 Mass. 437.
The above cases decided by the English courts arose under a
statute similar to G. L. c. 152, § 18, and are found in the
English workmen's compensation act. It was said in
*McNicol's Case,* 215 Mass. 497, at page 499: "The exact
words to be interpreted are found in the English workmen's
compensation act, and doubtless came thence into our act.
Therefore decisions of English courts before the adoption of
our act are entitled to weight. *Ryalls* v. *Mechanics' Mills,*
150 Mass. 190." That principle is applicable to the case at
bar.

*Comerford's Case,* 229 Mass. 573, *Willard* v. *Bancroft
Realty Co.* 262 Mass. 133, *Hill's Case,* 268 Mass. 491, *Fox*
v. *Fafnir Bearing Co.* 107 Conn. 189, and *Burt* v. *Munis-
ing Woodenware Co.* 222 Mich. 699, are distinguishable in
their facts, and do not support the claimant's contention
that the work done by Mitchell was a "part of or process in,
the trade or business carried on by the insured." G. L.
c. 152, § 18.

*Decree affirmed.*