FRANK COZZO, administrator, *vs.* THE ATLANTIC REFINING COMPANY.

Suffolk.     November 5, 6, 1936. — February 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act,* Employee of independent contractor, To whom act applies. *Negligence,* Employer's liability: effect of workmen's compensation act. *Practice, Civil,* Special questions to jury; Exceptions: waiver; Charge to jury. *Evidence,* Relevancy.

No valid exception lies to a trial judge's exercise of discretion in submitting to a jury a special question upon an issue which is material to the case on trial and triable by them and upon which there is evidence for their consideration.

Evidence warranted a finding that the construction of a wall to carry an advertising sign on one of many service stations maintained by a corporation engaged in the business of preparing and marketing

petroleum products and insured under the workmen's compensation act was a "part of or process in" "the trade or business" of the corporation and not "merely ancillary and incidental" thereto, so that, under § 18 of the act, an employee of an independent contractor, also insured, who had been hired to construct the wall and who had not reserved his rights at common law, could not maintain an action at law against the corporation for injuries received while at work thereon.

Upon an issue whether certain work was a part of, or process in, the trade or business of a corporation, testimony and photographs as to the manner in which it carried on its business was admissible.

An exception to an instruction in a charge to the jury is waived if, after the judge gives further instructions purporting to correct the alleged error, no further exception is saved.

Exceptions to statements in a charge to a jury which might be open to just criticism if they stood alone were overruled because no prejudicial error appeared when the statements were considered in the light of the charge as a whole.

TORT. Writ in the Superior Court dated June 16, 1931.

The action was tried before *Macleod*, J. There was a verdict for the defendant. The plaintiff alleged exceptions.

*M. J. Robinson,* (*W. F. McClennan* with him,) for the plaintiff.

*D. Needham,* (*W. White* with him,) for the defendant.

FIELD, J. This is an action of tort brought by the administrator of the estate of John Cozzo to recover for the death and conscious suffering of his intestate. There was a verdict for the defendant. The case comes before us on the plaintiff's exceptions.

These facts appear to be undisputed: The plaintiff's intestate was employed as a bricklayer by the Federal Construction Company, which was engaged as an independent contractor for the defendant, in erecting a brick veneer wall against an existing brick party wall situated on the premises of the defendant; the plaintiff's intestate and a fellow employee went upon a staging to begin work upon the brick veneer wall when the staging collapsed, throwing them to the ground. The parties agreed that the plaintiff's intestate died as a result of the injuries sustained by him at the time of the collapse of the staging. There was evidence of conscious suffering by the plaintiff's intestate.

The parties agreed that the Federal Construction Company was insured in accordance with the provisions of the

workmen's compensation law and it was undisputed that the defendant also was so insured. The plaintiff does not now contend that his intestate reserved any common law rights in accordance with the provisions of this law. See G. L. (Ter. Ed.) c. 152, § 24.

The trial judge submitted to the jury the following special questions, which were answered in the affirmative: 1. "Was the defendant or any of its agents or servants guilty of negligence which caused or contributed to cause the injuries of the plaintiff's intestate?" 2. "Was the deceased, John Cozzo, in the exercise of due care?"

The judge also submitted to the jury a third special question, as follows: "Did the injuries of John Cozzo arise out of and in the course of employment which was a part of, or process in, the trade or business carried on by the defendant, and not merely ancillary and incidental to it?" The plaintiff objected to the submission of this question to the jury and, upon its being so submitted, excepted. The jury answered this question "Yes." The jury, having been instructed, subject to the plaintiff's exception, that if this question was so answered they must find for the defendant, returned a verdict accordingly. There are other exceptions to the admission of evidence, to the refusal of the judge to instruct the jury as requested and to parts of the charge. All relate to the matter involved in the third question submitted to the jury.

An employee who has not reserved his common law rights cannot maintain an action at law against his employer who is insured under the workmen's compensation law to recover damages for a personal injury sustained by such employee arising out of and in the course of his employment. G. L. (Ter. Ed.) c. 152, §§ 24, 26. *Willard* v. *Bancroft Realty Co.* 262 Mass. 133, 134. Nor can an action at law be maintained against such employer to recover for the death of an employee resulting from such injury. G. L. (Ter. Ed.) c. 152, § 68. *McDonnell* v. *Berkshire Street Railway*, 243 Mass. 94. This protection against an action at law extends also to an "insured person" — herein referred to as the general contractor or employer — who en-

ters into a contract "with an independent contractor to do such person's work" where the insurer of the general contractor or employer "would, if such work were executed by employees immediately employed by the insured, be liable to pay compensation under . . . [the workmen's compensation law] to those employees" unless such contract is "merely ancillary and incidental to, and is no part of or process in, the trade or business carried on by the insured," or "the injury occurred elsewhere than on, in or about the premises on which the contractor has undertaken to execute the work for the insured or which are under the control or management of the insured." G. L. (Ter. Ed.) c. 152, § 18. This protection rests on the ground that under G. L. (Ter. Ed.) c. 152, § 18, the insurer of the general contractor or employer is required to pay compensation to workmen immediately employed by the independent contractor. Within the meaning of the workmen's compensation law such workmen are "employees" of the general contractor or employer and the insured general contractor or employer is the "insured" and not "some person other than the insured" against whom an action can be maintained by an employee, or in his name, under G. L. (Ter. Ed.) c. 152, § 15, even though the independent contractor also is insured. *White* v. *George A. Fuller Co.* 226 Mass. 1, 5. *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195, 199. *Willard* v. *Bancroft Realty Co.* 262 Mass. 133.

1. No contention is now made that the defendant is not entitled, in accordance with the principles stated, to protection against the maintenance of this action, other than on the ground that the case falls within the exception in G. L. (Ter. Ed.) c. 152, § 18, applicable to a contract which is "merely ancillary and incidental to, and . . . no part of or process in, the trade or business carried on by the insured," that is, by the defendant. The answer by the jury to the third question submitted to them was adverse to this contention. If this question was rightly submitted and the answer thereto was not vitiated by error of law such answer precluded recovery by the plaintiff in this action

and the instruction to the jury to return a verdict for the defendant in the event of such an answer was without error. No other issue material to the case remained to be disposed of. *Stone* v. *Orth Chevrolet Co. Inc.* 284 Mass. 525, 528. *Palumbo* v. *DiMare, ante,* 212.

2. The third question was rightly submitted to the jury. It is within the discretion of a trial judge to submit to the jury for answer a special question upon an issue which is material to the case and triable by them and upon which there is evidence for their consideration. No valid exception lies to the exercise of this discretion within these limits. *American Surety Co. of New York* v. *14 Canal Street, Inc.* 276 Mass. 119. *Stone* v. *Orth Chevrolet Co. Inc.* 284 Mass. 525, 528. *Palumbo* v. *DiMare, ante,* 212. The issue presented by the question — since it relates to the issue whether the defendant, admittedly insured under the workmen's compensation law, was, with relation to the plaintiff's intestate, an "insured," against whom an action at law could not be maintained, or, on the other hand, "some person other than the insured," against whom such an action could be maintained in accordance with the provisions of G. L. (Ter. Ed.) c. 152, § 15 — was material to the case and, so far as it was a matter of fact, was triable by the jury. See *Young* v. *Duncan,* 218 Mass. 346, 351–352; *White* v. *E. T. Slattery Co.* 236 Mass. 28, 31–32. See also *Comerford's Case,* 224 Mass. 571, 573–574. Cases are distinguishable where an action at law is brought against a defendant admittedly "some person other than the insured," and there is a preliminary question for the determination of the judge whether the bringing of the action was authorized. See *Becker* v. *Eastern Massachusetts Street Railway,* 279 Mass. 435, 441–444; *Murray* v. *Rossmeisl,* 284 Mass. 263, 265–267; *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170.

There was evidence for the consideration of the jury upon the third question submitted to them warranting the answer thereto made by them — if, as we assume in favor of the plaintiff, this point is presented by the exceptions. There was evidence tending to show "that the defendant

was a foreign corporation engaged in the business of preparing and marketing oil and petroleum products and in the manufacture of packages for holding the same," and that it was incorporated for the purpose of the manufacture of such products, "the manufacture of packages for holding the same, and all the business necessarily incident thereto." It properly is not contended that marketing or distribution of the defendant's products is "no part of or process in, the trade or business carried on" by the defendant within the meaning of G. L. (Ter. Ed.) c. 152, § 18. The plaintiff's contention relates merely to the construction of the brick veneer wall upon which the intestate was working.

There was evidence — much of which was admitted subject to the plaintiff's exception — tending to show these facts: The brick veneer wall was being built in connection with the service station owned by the defendant to be used by it for distribution of its products. This wall — as is undisputed — "was for no structural purpose other than to serve as a surface upon which to place a sign advertising the defendant's products and such a sign was ultimately placed there." The "sign to be erected" — according to the test'mony — "consisted of a brick or stucco background with a galvanized iron front on which advertising matter could be posted." The defendant furnished the brick and the sheet metal. The plans for the service station were drawn by engineers in the employ of the defendant. The defendant's foreman was in charge of the construction of the building and of the wall, and the defendant supplied other employees for work on the service station. "As a regular or established custom in the operation of the business, large advertising signs are invariably placed on the defendant's service station properties except where they interfere with adjacent property owners."

The defendant had four refineries. In distributing its products it had various types of "outlets," including service stations similar to the station here in question of which, in the year when the accident occurred, it owned about seven hundred fifty or eight hundred. In building service stations the defendant "inspected and purchased

everything in the way of material and did the actual work of drawing the plans and a large portion of the actual work on probably eighty-five or ninety per cent of them. It handled approximately ninety per cent of the work on the stations; the part of the work which it did not handle it sublet to subcontractors." During the last twelve years the defendant built approximately fifty new stations in or near Metropolitan Boston, building about half of them with its own employees, and subletting the building of the other half to contractors. The defendant carried on extensive building operations "with its own forces" other than the construction of service stations.

Clearly it could have been found that the construction of the brick veneer wall on which the plaintiff's intestate was working was a part of the construction of the service station, and not "merely ancillary and incidental" thereto. See *Comerford's Case,* 224 Mass. 571, 573–574; *S. C.* 229 Mass. 573, 575; *White* v. *George A. Fuller Co.* 226 Mass. 1; *Willard* v. *Bancroft Realty Co.* 262 Mass. 133. And it could have been found also, from the evidence of the manner in which the defendant distributed its products and of its practice in constructing service stations for use in such distribution, that the construction of this service station, including the construction of the brick veneer wall as a surface upon which to advertise its products, was a "part of or process in" the "trade or business" of distributing such products carried on by the defendant. The construction of a new building by a contractor for the owner may be a "part of or process in" the "trade or business" of such owner. *Willard* v. *Bancroft Realty Co.* 262 Mass. 133, 135. And the customary practice of a person or corporation in carrying on his or its business has a material bearing upon whether a particular activity is a "part of or process in" the "trade or business" or "merely ancillary and incidental" thereto. *Knight* v. *Cubitt & Co.* [1902] 1 K. B. 31, 36, 37. Compare *Bush* v. *Hawes,* [1902] 1 K. B. 216, 219. See also *Shannon's Case,* 274 Mass. 92, 93, 94, 96. While the construction of a new building for use in manu-

facturing or merchandising goods may not ordinarily be
a "part of or process in" the "trade or business" of a person or corporation engaged in such manufacturing or merchandising (compare *Corbett's Case*, 270 Mass. 162; *Pearce*
v. *London & South Western Railway*, [1900] 2 Q. B. 100;
*Wrigley* v. *Bagley & Wright*, [1901] 1 K. B. 780), it does
not follow that such a person or corporation may not
adopt a general practice of constructing new buildings for
use as "outlets" for the distribution of its products so
that the construction thereof becomes an integral part of
its business and not "merely ancillary and incidental"
thereto.  There was evidence in this case tending to show
that the defendant's building operations constituted an
important part of its activities carried on in the regular
course of its business and to a large extent by its immediate employees.  If this brick veneer wall had been built
by the defendant through its immediate employees it
could not have been ruled as matter of law that such activities were not within the scope of the workmen's compensation law on the ground that their employment was
not in the "usual course of the trade, business, profession
or occupation" of their employer.  See G. L. (Ter. Ed.)
c. 152, § 1 (4); *Shannon's Case*, 274 Mass. 92; *Canning's
Case*, 283 Mass. 196, 200.  And it was the general purpose
of G. L. (Ter. Ed.) c. 152, § 18, to give to employees of
an independent contractor working on a job for an "insured person" the same protection under the workmen's
compensation law as was given to the immediate employees
of such "insured person."  *White* v. *George A. Fuller Co.*
226 Mass. 1, 5.  *Bindbeutel* v. *L. D. Willcutt & Sons Co.*
244 Mass. 195, 198, 199.  Though the language of § 18
is different from that of § 1 (4) it does not require a different conclusion with respect to this plaintiff's intestate
from that which could have been reached if he had been
an immediate employee of the defendant.  Nor is a different
conclusion from that here reached required by *Corbett's
Case*, 270 Mass. 162, and the English and Scotch cases
(*Pearce* v. *London & South Western Railway*, [1900] 2 Q. B.

100, *Wrigley* v. *Bagley & Wright,* [1901] 1 K. B. 780, *Dundee & Arbroath Joint Railway* v. *Carlin,* 3 Fraser, 843 [1901 Sc. Ct. of Sessions]) therein relied on, and now relied on by the plaintiff.

3. There was no error in the admission of evidence. The evidence, to the admission of which the plaintiff excepted, consisted of testimony of a witness, called by the defendant, and photographs, tending to show the manner in which the defendant's business was carried on. As already indicated, such evidence was relevant to the issue presented by the third question submitted to the jury. Nor was there error in the refusal of the judge to instruct the jury as requested. The questions of law involved in the requests for instructions, so far as argued by the plaintiff, are covered by what has already been said and these requests need not be considered separately.

4. There was no prejudicial error in the parts of the charge to which exception was taken. The charge contained statements in regard to the occasion for the enactment of the workmen's compensation law and its "laudable and humanitarian object" which follow, in general, statements made by this court in interpreting the statute (*Armburg* v. *Boston & Maine Railroad,* 276 Mass. 418, 421), but which were not relevant to any issue submitted to the jury. Since, however, no exception was taken to this part of the charge, no question with relation to it is before us. We do not imply that it constituted error prejudicial to the plaintiff. See *McPhail* v. *Boston & Maine Railroad,* 280 Mass. 113, 120. Compare *Cronan* v. *Armitage,* 285 Mass. 520, 528.

The plaintiff saved exceptions to statements in the charge relating to the right of the intestate to workmen's compensation under the insurance coverage of his immediate employer, The Federal Construction Company, and the insurance coverage of the defendant, and also statements relating, in substance, to the meaning and effect of the provision of G. L. (Ter. Ed.) c. 152, § 18, excluding from the application of this section a contract of an independent contractor "which is merely ancillary and incidental to, and is no part of or process in, the trade or business

carried on by the insured." Thereafter the judge charged the jury further, purporting to correct one of the statements excepted to by the plaintiff. The plaintiff did not again except. So far as this statement is concerned it is to be assumed that the plaintiff was satisfied with the correction and waived his exception. *McCart* v. *Squire*, 150 Mass. 484, 488. *Muller* v. *Powers*, 174 Mass. 555. The other statements excepted to, even if open to just criticism when standing alone, must be considered in the light of the charge as a whole. *Karjavainen* v. *Buswell*, 289 Mass. 419, 429. When they are so considered no prejudicial error appears.

*Exceptions overruled.*