Pettingell, P. J.
Action of tort in which the plaintiff seeks to recover for personal injuries sustained by him through being struck by an electric truck owned by the defendant and operated by one of its employees.
The defendant’s answer is a general denial, a plea of contributory negligence, and a further plea that the’plaintiff’s *219 sole remedy, if any, is under General Laws (Ter. Ed.) C. 152, and that he is barred from maintaining this action at law.
The trial judge found the following facts:
“I find that the plaintiff, who was a former employee of the defendant, went to the place of business of the defendant about 9:30 o’clock on the morning of April 21, 1942, for the purpose of making out an application for employment. He made out such application and was given a physical examination. He subsequently went to the office of the Employment Manager, who approved his application and hired him to go to work at the rate of fifty cents per hour. He was told to report at the Employment Office at 3:30 o ’clock P. M. on the same day, prepared to go to work on the 4:00 o’clock shift. At 3:30 o’clock P. M. on April 21, 1942, he reported at the office of the Employment Manager, where he received an identification card and a button and was told to report for work at the mill room on Albany (Auburn) Street. He went directly to the mill room on Albany (Auburn) Street and passed one guard, to whom he exhibited his identification card and button, and went to the window of an office which was located in an archway. At this window he gave his identification card to an employee of the defendant, who told him to wait in the archway until the foreman of the mill room came out to get him. While he was standing in the archway waiting for the foreman, he turned around and was struck by a small electric truck operated by an employee of the defendant and was injured, tie was taken to the clinic of the defendant, where he received medical treatment, and subsequently sent by an employee of the defendant to a doctor in Central Square, Cambridge, for X-rays. He went back to the mill room at about 5:00 o’clock P. M. and worked there until 8:00' o’clock P. M. He punched the time clock of the defendant when he began work at 5:00 o ’clock P. M. and received pay for that day only for the hours from 5-.00,o’clock P. M. to 8:00 o’clock P. M.
I find that the plaintiff’ was an employee of the defendant at the time of the alleged accident, and that *220 the alleged injury arose out of and in the course of his employment.
I find that the defendant was insured under the provisions of Chapter 152 of the General Laws of the Commonwealth of Massachusetts, as amended.”
The plaintiff requested the following rulings:
1. On all the evidence the plaintiff is entitled to recover. 2. On all the evidence the plaintiff is not barred from maintaining this action at law. 3. The plaintiff was not in the service of the defendant and was therefore not an employee at the time of the alleged accident. 4. The plaintiff had as yet done no work and earned no compensation at the time of the alleged accident, and was therefore, not the defendant’s employee. 5. The relationship of employer and employee did not exist between the plaintiff and defendant at the time of the alleged accident.
The trial judge denied all the requests of the plaintiff.
There was no error in the denials of the requests.
The evidence warranted a finding that the plaintiff had completed a contract of employment with the defendant, and that at the time of the injury, the plaintiff was obeying orders given him by the defendant in accordance with that contract. He was on the defendant’s premises, acting in accordance with instructions given by the defendant to a new employee. It is true that he had not yet begun the labor he was hired to perform but the employer was conducting him to that labor.
“It is true, of course, that under c. 152 a personal injury in order to be compensable must arise out of and in the course' of the employee’s employment. This, however, does not mean that the injury must occur in the usual course of the employer’s business, and where in a case like this the injury is sustained by the em *221 ployee while doing an act which is not in the usual course of the employer’s business, but which the employee does by the direction of the employer, he is conclusively presumed to be the latter’s employee in so doing.” Castagna’s Case, 310 Mass. 325, at 328.
The instructions which the plaintiff had received and which he was obeying, led directly to his actual employment and brought him within the description of an employee, and under the protection of e. 152.
“Numerous of our cases illustrate the principle that the sphere of employment exists and affords its shield to the employee while within the premises of the employer on the way to or in the return from actual performance of the specific duties of the employment.” White v. E. T. Slattery Co., 236 Mass. 28, at 34.
The first and second requests filed by the plaintiff are within the scope of Rule 27 of the District Court Rules, which require, specifications in the case of requests based “upon all the. evidence”. There being no specifications the denial of those requests was proper.
The third, fourth and fifth requests all called for findings of fact which the trial judge was not compelled to make. There was no error in their denial. Davis v. Boston Elevated Railway, 235 Mass. 482, at 484. Rollins v. Bay View Auto Parts Co., 239 Mass. 414, at 424. Castano v. Leone, 278 Mass 429, at 431. Larson v. Jeffry-Nichols Motor Co., 279 Mass. 362, at 368. Ashapa v. Reed, 280 Mass. 514, at 516. Memishian v. Phipps, 311 Mass. 521 at 523. Codman v. Beane, 312 Mass. 570, at 574.
The evidence required a finding for the defendant. Young v. Duncan, 218 Mass. 346. White v. E. T. Slattery Co., 236 Mass. 28, at 34. Willard v. Bancroft Realty Co., 262 Mass. 133, at 134. Cozzo v. Atlantic Refining Co., 299 Mass. 260, at 262. Noble v. Greenbaum, 311 Mass. 222, at 226.
No prejudicial error appearing the report is to be dismissed.