**Gordon B. DEMPSEY, Appellant–Petitioner,**

v.

**DEPARTMENT OF METROPOLITAN DEVELOPMENT OF CITY OF INDIANAPOLIS, Appellee–Respondent.**

No. 49A02–1102–MI–165.

Court of Appeals of Indiana.

Aug. 16, 2011.

Gordon B. Dempsey, Indianapolis, IN, Appellant Pro–Se.

Marc Pe–Caine Sultzer, Assistant Corporation Counsel, Department of Metropolitan Development, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

A property owner paid a penalty that was imposed by the Department of Metropolitan Development of the City of Indianapolis (DMD) under the Unsafe Building Law while an appeal was pending that avoided a tax sale. The trial court determined that the case was moot and granted the DMD's motion to dismiss the appeal. We hold that the case was not rendered moot merely because the homeowner voluntarily paid the fines and penalties to avoid the tax sale.

Appellant-petitioner Gordon B. Dempsey appeals the grant of appellee-respondent DMD's motion to dismiss an appeal that Dempsey brought in the trial court. Dempsey argues that the trial court erred in granting the DMD's motion to dismiss the appeal as moot merely because he paid a fine under protest to avert a tax sale.

We conclude that Dempsey's appeal is not moot merely because he paid the fine under protest. Thus, we reverse the trial court's dismissal of Dempsey's appeal and

remand this cause to the trial court with instructions that it determine whether a fine was warranted.

### FACTS

On May 8, 2008, the listed property owners for the real property at a certain location on Berwick Avenue in Indianapolis were Donald and Sherry Wilkerson (the Wilkersons). Donald died sometime before 2004, and Strong, the purchaser of the property at a tax sale in 2004, had not recorded a tax deed. The property had remained vacant since Wilkerson's death.

Following an inspection by the Health and Hospital Corporation on May 8, 2008, it was determined that the maintenance of the building on the property failed to comply with the vacant building standards of the revised code of Indianapolis and Marion County and the Unsafe Building Law that are codified at Indiana Code section 36–7–9–1, et seq.

As a result, a repair order was issued after the inspectors determined that the garage had to be brought into compliance with the Vacant Building Standards and Unsafe Building Laws. The owner, or anyone with a property interest, was required to:

1. repair or replace gutter boards, gutter, leaders and downspouts and maintain in good working condition to provide proper drainage of storm water away from the structure;

2. repair every window, exterior door, or similar device to sound condition and good repair;

3. repair exterior siding to a secure, weather[-]tight and watertight condition; and

4. repair or replace all soffits, overhangs, rafter ends and fly rafters.

Appellant's App. p. 19.

Dempsey was listed as the contract buyer of the property. He purchased the property on June 8, 2008, and made a $4,000 down payment. Under the agreement, Dempsey was required to pay the balance in one year. Sometime later that month, the inspector, who had generated the May 8 order, visited the property and saw Dempsey working on the house. Dempsey explained that he had purchased the property from Strong.

An administrative hearing on the above violations was held on June 25, 2008. Although the inspector was at the hearing and could have reported Dempsey's progress on the property, the administrative law judge (ALJ) imposed a civil penalty in the amount of $2500. No one who may have had an interest in the property was at that hearing.

When Dempsey appeared at a subsequent hearing on October 29, the hearing officer ordered some painting on the rear of the garage by the next hearing that was scheduled for December 17, 2008. At the December hearing, Dempsey presented evidence of the daily temperature records. He maintained that the weather in November was unseasonably cold and there were only a few days above fifty degrees. Therefore, Dempsey did not paint. However, the ALJ determined that it was a warm day on Thanksgiving and ordered Dempsey to pay a $2500 fine. The ALJ also determined that:

1. Proper notice of order and hearing relative to order was given to all persons with substantial property interest in real estate affected;

2. Evidence was presented by all persons present who wished to be heard;

3. The building is unsafe as alleged in the order being reviewed and said order is incorporated herein by reference; and

4. Affirmed.

Id. at 25.

The ALJ set another hearing for January 21, 2009. At some point prior to that

hearing, Dempsey put new siding on the house rather than painting in the cold weather. At the hearing, Dempsey presented daily weather reports for November. The ALJ waived the civil penalty that was imposed at the June 25, 2008 hearing and reduced the civil penalty that was imposed on December 17, 2008, to $1500. As a result, the civil penalty in the amount of $1500 remained in place and was certified as "final." Appellant's App. p. 8.

On February 2, 2009, Dempsey filed an appeal in the trial court, challenging the $1500 penalty. The DMD apparently did not receive notice of the appeal, so it certified the allegedly delinquent penalty to the Marion County Auditor (Auditor). As a result, the Auditor placed the civil penalty on the Fall 2009 tax bill as a special assessment "to be collected as delinquent taxes are collected." Supp.App. p. 1.

On October 1, 2010, Dempsey paid the $1500 civil penalty plus additional fees, in accordance with the ALJ's ruling on January 21, 2009. Dempsey's payments totaled $2,503.83. Thereafter, the DMD filed a motion to dismiss Dempsey's appeal in the trial court as moot because Dempsey had paid the civil penalty in full. The DMD maintained that the controversy before the trial court no longer existed. The trial court granted DMD's motion to dismiss on December 27, 2010, and Dempsey now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ When reviewing the trial court's decision regarding a motion to dismiss, we have determined that:

The ... grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. Additionally, when a trial court grants a motion to dismiss without reciting the grounds relied upon, we presume upon review that the trial court granted the motion on all grounds in the motion. Accordingly, we review the complaint and the arguments presented in the motion to dismiss.

Newland Res., LLC v. Branham Corp., 918 N.E.2d 763, 775 (Ind.Ct.App.2009). We will find an abuse of discretion when a decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. K.S. v. State, 849 N.E.2d 538, 544 (Ind.2006).

### II. Dempsey's Claims

#### A. Imposition of Fine

■ Dempsey alleges that the trial court erroneously dismissed his appeal regarding the imposition of the civil penalties. More particularly, Dempsey maintains that his payment of the penalty to prevent the sale of the property at the tax sale did not render his appeal moot.

At the outset, we note that we have not found a statute or reported case directly on point as to the status of an appeal once a civil penalty is paid for the purpose of preventing a sale of real estate at a tax sale in circumstances such as these. However, the provisions of Indiana Code section 6–1.1–15–10(a) that apply to tax appeals, state:

If a petition for review to any board or a proceeding for judicial review in the tax court regarding an assessment or increase in assessment is pending, the taxes resulting from the assessment or

increase in assessment are, notwithstanding the provisions of IC 6–1.1–22–9, not due until after the petition for review, or the proceeding for judicial review, is finally adjudicated and the assessment or increase in assessment is finally determined. *However, even though a petition for review or a proceeding for judicial review is pending, the taxpayer shall pay taxes on the tangible property when the property tax installments come due,* unless the collection of the taxes is enjoined under IC 33–26–6–2 pending a final determination in the proceeding for judicial review. (Emphasis added).

In determining whether the trial court properly granted the motion to dismiss on the grounds of mootness as the DMD contends, we have determined that an issue is moot when the principal questions in issue have ceased to be matters of real controversy between the parties. *Rainbow Cmty., Inc. v. Town of Burns Harbor,* 880 N.E.2d 1254, 1260–61 (Ind.Ct.App.2008). That said, it is apparent that the concept of mootness runs afoul of the circumstances here that involve the payment of the penalty that was imposed under the housing code that enabled Dempsey to avoid the sale of the property at a tax sale. And there is no case, statute, or rule suggesting that Dempsey's payment of the tax bill, which includes the penalty that was assessed under the building code, renders the appeal moot. Therefore, we reject the DMD's assertion that Dempsey's payment of the penalty "on his own volition" removed the controversy by paying the civil penalty. Appellee's Br. p. 8.

As a result, we reverse the trial court's grant of the DMD's motion to dismiss and its determination that this matter was rendered moot merely because Dempsey paid the penalty under protest. Thus, we remand this case to the trial court with instructions to reinstate Dempsey's appeal, decide the case on the merits, and determine whether the penalty was warranted.

### B. Fees and Costs

Dempsey also maintains that he is entitled to costs and fees in accordance with Indiana Code section 34–52–1–1. In essence, Dempsey asserts that because the DMD did not support its argument with persuasive authority, he is entitled to recover his fees and costs because the DMD's pursuit of this matter is "unreasonable, groundless, or in bad faith." Appellant's Br. p. 7.

Indiana Code section 34–52–1–1, provides that

(a) In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Notwithstanding Dempsey's claim, he has failed to show that any of DMD's contentions are frivolous, unreasonable, groundless, or litigated in bad faith. Although the DMD does not prevail in this appeal, our review of the record demonstrates that it advanced reasonable arguments—both at the trial court level and on appeal—that Dempsey's appeal was moot and, therefore, was properly dismissed. Thus, Dempsey is not entitled to fees and costs pursuant to Indiana Code section 34–52–1–1.

The judgment of the trial court dismissing Dempsey's appeal is reversed, and this cause is remanded for further proceedings so that the trial court may determine whether the fine that the DMD imposed is warranted.

MAY, J., and BRADFORD, J., concur.