## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 30 2015, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Chad D. Wuertz | Ryan H. Cassman |
| Wuertz Law Office, LLC | Cathy M. Brownson |
| Indianapolis, Indiana | Coots, Henke & Wheeler, P.C. |
| | Carmel, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Paternity of H.J., | June 30, 2015 |
| Melissa R. Jallow, | Court of Appeals Case No. 49A02-1412-JP-825 |
| *Appellant-Petitioner,* | Appeal from the Marion Superior Court |
| v. | The Honorable Michael D. Keele, Judge |
| William R. Fat-Anthony, | Cause No. 49D07-0712-JP-55541 |
| *Appellee-Respondent.* | |

**Kirsch, Judge.**

[1] Melissa R. Jallow ("Mother") appeals the trial court's order modifying the child support obligation of William R. Fat-Anthony ("Father") in this paternity action. Mother raises several issues, which we consolidate and restate as:

whether the trial court abused its discretion in modifying Father's child support obligation.

[2] We affirm.

## Facts and Procedural History

[3] Mother and Father were never married, but share a child together, H.J. ("Child"), born on November 2, 2007. Father's paternity was established on July 8, 2008, but no child support was ordered at that time. The case was re-docketed on February 8, 2011 in order to determine child support. On August 24, 2011, the trial court established Father's child support obligation to be $283.00 per week and an additional $67.00 per week toward the arrearage, which was determined to be $6,424.00.

[4] At an August 9, 2013 hearing, the trial court found Father in contempt for failing to meet his child support obligation and ordered Father to pay Mother's attorney fees as of that date. Father made a few support payments following this hearing, but still failed to meet his obligation. At a hearing held on December 6, 2013, the trial court again found Father to be in contempt, calculated a support arrearage, and issued a bench warrant for Father. On January 27, 2014, the trial court ordered Father to serve thirty days in the Marion County Jail or pay a purge bond of $5,000.00, which Father paid. The trial court had previously entered a judgment against Father in the amount of $8,785.89 for Mother's attorney fees, and Mother's counsel as judgment

creditor filed a motion for proceedings supplemental and levy for personal property.

[5] On March 5, 2014, Father filed a motion for a change of judge and a petition for modification of child support. On March 10, 2014, Mother filed a motion for prepayment of her attorney fees. On March 24, 2014, a special judge was appointed for the case, and he ordered the parties to attend mediation, to which Mother objected; the order was rescinded. On May 2, 2014, Mother's counsel filed a renewed motion for proceedings supplemental and levy for personal property, and on May 15, 2014, Mother filed a renewed motion for prepayment of attorney fees. The pending motions were set for hearing on June 26, 2014, but the hearing was rescheduled several times until it was finally set for September 5, 2014 for the determination of all issues except Father's petition for modification of child support.

[6] Because Father lives in Texas, on August 21, 2014, he filed a motion to appear telephonically for the September 5 hearing, or in the alternative, to have the modification of child support motion heard on the same date. The trial court denied Father's request to appear telephonically, but granted Father's motion to consolidate the child support matter with the other motions at the hearing. Mother filed a motion to reconsider this decision, but the trial court denied her motion.

[7] At the September 5 hearing, the trial court informed the parties what issues were pending, including the Mother's counsel's motion for proceedings

supplemental, Mother's request for prepayment of attorney fees, and Father's petition to modify child support. The trial court asked Mother's counsel if there was anything additional counsel wanted to state regarding Mother's motions. Mother's counsel declined and stated that Mother would rely on her motion, but then went on to discuss the pending proceedings supplemental issue.

[8] During the hearing, Father testified that he was a pharmacist, who holds a doctorate of pharmacy degree and has worked at Health Plus Pharmacy in Mission, Texas since 2013, and that he earns $518.00 per week with no other sources of income. Father filed a financial declaration, paystubs, and a proposed child support obligation worksheet with the trial court. Father testified that he and his wife had previously owned a business known as Valley Scrubs and Medical Accessory, which was a part owner of Medical Mart and DME, which was doing business as Health Plus Pharmacy, Father's current employer. However, Father stated that the business, Valley Scrubs and Medical Accessory no longer existed, which "killed [his] ownership in Medical Mart and DME." *Tr.* at 45. He also testified that his wife works, he is in huge debt, and that he has additional children and support obligations. Father additionally stated that he and his wife discussed his prior failed business, and that by maintaining his current employment, he may "get something out of it" in the future. *Id.* at 63.

[9] Mother testified that she was employed as a registered nurse, earning $700.00 per week, and filed a financial declaration reflecting the same. Mother also testified that she was a full-time student, and her hours had recently been cut,

which both resulted in her earning less income than what she previously had averaged. Mother was going back to school to become an advanced nurse practitioner and hoped to improve her income after she graduated in December 2014 She stated she had voluntarily decided to go back to school to better her financial circumstances.

[10] The trial court issued an order granting Father's petition to modify child support and calculating Father's arrearage and the payments received. The trial court modified Father's support obligation to $66.00 per week and found his remaining arrearage to be $1,880.46. The trial court did not impute any income to either party and, while identifying Father's income as far lower than would be expected given his profession, the court found his current earnings as indicated on his financial declaration and tax return to be credible. The trial court noted that Father testified about his hopes that his current employment will pay off in the future and that Mother also chose to decrease her income in order to attend school and hopefully earn more in the future. It also discussed that both parties were earning less than they were at the time of the original support order. The trial court did not award Mother attorney fees.

[11] Mother filed a motion to correct error on October 14, 2014. In her motion, she argued that the trial court erred when it failed to rule on her motion for prepayment of attorney fees and when it scheduled Father's petition to modify child support at the same hearing as her request for prepayment of attorney fees. The trial court denied the motion to correct error. Mother now appeals.

# Discussion and Decision

[12] A trial court's decision on a motion to correct error comes to us cloaked with a presumption of correctness, and the appellant has the burden of showing an abuse of discretion. *Faulkinbury v. Broshears*, 28 N.E.3d 1115, 1122 (Ind. Ct. App. 2015) (citing *Cox v. Matthews,* 901 N.E.2d 14, 21 (Ind. Ct. App. 2009), *trans. dismissed*). An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom. *Id.*

[13] Initially, Mother argues that the trial court abused its discretion when it continued the hearing on her motion for prepayment of attorney fees and consolidated the hearing on her motion with the hearing on Father's motion to modify child support. Mother contends that this was an abuse of discretion because the trial court's actions were in violation of certain local rules for Marion County civil courts. She claims that, under the local rules, she should have been allowed fifteen days to respond to Father's motion to consolidate the hearings, and because she was not given that opportunity to respond, the trial court violated its local rules.

[14] Mother raises this argument regarding the violation of local rules for the first time on appeal. After the trial court issued its order consolidating Father's motion for hearing at the same hearing as Mother's pending motions, Mother filed a motion to reconsider. However, she did not cite to the local rule or raise its applicability in her motion. Additionally, on the day of the hearing, when

given an opportunity argue her motion, she did not raise the local rule's applicability. Further, Mother filed a motion to correct error after the trial court's ruling and, again, did not raise the local rule in her argument. We, therefore, find that Mother's argument is waived because she failed to raise it at trial and only raises it for the first time before this court. *See Stainbrook v. Low*, 842 N.E.2d 386, 396 (Ind. Ct. App. 2006) (concluding that when an appellant raises an issue for the first time on appeal, the issue is waived for purposes of appellate review), *trans. denied*.

[15] Mother also asserts that the trial court abused its discretion when it failed to rule or to schedule a meaningful hearing on her motion for prepayment of attorney fees. Although Mother contends that the trial court did not conduct a meaningful hearing on her motion, the record shows that her motion was to be heard at the September 5, 2014 hearing along with Mother's motion for proceedings supplemental and Father's petition to modify child support. At the start of the hearing on September 5, the trial court inquired of Mother's attorney as to whether Mother had any argument to add to her motions. *Tr.* at 5. Mother's counsel declined and indicated that Mother would rely on her filed motions and then commenced to discuss the proceedings supplemental issues. *Id*. at 5-7. Therefore, during the September 5, hearing, Mother had an opportunity to argue her motion, but failed to do so.

[16] Mother also argues that the trial court abused its discretion in not ruling on her motion for prepayment of attorney fees. Although our review of the record does not reveal that the trial court ever issued an order denying Mother's

motion, we find the issue moot as the case has now concluded. *See Dempsey v. Dep't of Metro. Dev. of City of Indianapolis*, 953 N.E.2d 1132, 1136 (Ind. Ct. App. 2011) ("[W]e have determined that an issue is moot when the principal questions in issue have ceased to be matters of real controversy between the parties."). Further, we do not find Mother was prejudiced by not being allowed to conduct discovery as she asserts, because the failure to rule on her motion did not stop her from conducting discovery. She could have still sought discovery from Father and later request that Father be responsible for her accrued attorney fees. We do not find any abuse of discretion by the trial court.

[17] Mother appeals the modification of Father's child support obligation following the denial of a motion to correct error. We review the denial of a motion to correct error for an abuse of discretion. *Faulkinbury*, 28 N.E.3d at 1122. In reviewing the trial court's decision regarding the modification of child support, we reverse only for an abuse of discretion. *Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 505 (Ind. Ct. App. 2011). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id.*

[18] Indiana Code section 31-16-8-1 provides in pertinent part that child support may be modified only:

> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
> (2) upon a showing that:

> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent from the amount that would be ordered by applying the child support guidelines; and
>
> (B) the order requested to be modified or revoked was issued at least twelve months before the petition requesting modification was filed.

Ind. Code § 31-16-8-1(b). Appellate courts give considerable deference to the findings of the trial court in family law matters, including findings of "changed circumstances" within the meaning of Indiana Code section 31-16-8-1. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005). "Trial courts must exercise judgment, particularly as to credibility of witnesses, and we defer to that judgment because the trial court views the evidence firsthand and we review a cold documentary record." *Id.* at 941. Therefore, to the extent credibility or inferences are drawn, we give the trial court's determinations substantial weight. *Id.*

[19] Mother argues that the trial court abused its discretion when it modified Father's child support obligation. She contends that, because Father has a doctorate of pharmacy degree, he is voluntarily underemployed and is working for a wage far less than he is capable of earning while helping to grow a business in which he owns no interest. Mother asserts that the trial court should have imputed potential income to him when calculating his child support obligation.

[20] The trial court enjoys wide discretion in imputing income to ensure that the child support obligor does not evade his or her support obligation. *Sexton v. Sedlak*, 946 N.E.2d 1177, 1188 (Ind. Ct. App. 2011) (citing *Apter v. Ross,* 781

N.E.2d 744, 761 (Ind. Ct. App. 2003), *trans. denied*), *trans. denied.* Regarding potential income, the Indiana Child Support Guidelines provide in pertinent part:

> If a court finds a parent is voluntarily unemployed or underemployed without just cause, child support shall be calculated based on a determination of potential income. A determination of potential income shall be made by determining employment potential and probable earnings level based on the obligor's work history, occupational qualifications, prevailing job opportunities, and earnings levels in the community.

Ind. Child Support Guideline 3(A)(3).

[21] In this case, the evidence presented at the hearing showed that Father had been employed as a pharmacist at Health Plus Pharmacy in Mission, Texas since 2013 and that he earned $518.00 per week and had no other sources of income. Father filed his financial declaration, paystubs, and proposed child support obligation worksheet, which all reflected this income. The trial court heard evidence regarding Father's past business interests, and Father testified that he no longer had an interest in the business. Father testified that his wife worked, that he had substantial debt, and that he had additional children and support obligations. Father also told the court that he and his wife discussed his prior failed businesses and concluded that, by staying with his current employment, he may "get something out of it" in the future. *Id*. at 63.

[22] Mother testified at the hearing that she was employed as a registered nurse and earned $700.00 per week and filed a financial declaration, reflecting the same. She also stated she was a full time student and studying to become an advance

nurse practitioner. Because of her student status, Mother was making less at the time of the hearing than she had averaged in the past, but she hope that, after graduating in December 2014, she would improve her income. She further testified that she had voluntarily gone back to work to better her financial circumstances.

[23] In its order modifying child support, the trial court specifically stated that Father's income was "far lower than would be expected given his chosen occupation," but found his current income credible based on his financial declaration and his tax return. *Appellant's App*. at 283. The trial court further referenced Father's testimony that he was maintaining his current employment because he hoped it would pay off in the future, and that Mother had also chosen to lower her income to attend school with the hope of earning more income. *Id*. Additionally, the trial court noted the testimony of both parties that they were earning less than at the time of the original support order. *Id*. The evidence presented supported the trial court's determination. Mother's arguments are merely requests for this court to reweigh the evidence, which we cannot do. *MacLafferty*, 829 N.E.2d at 941. The trial court had the opportunity to hear the evidence presented at the hearing and to observe the witnesses and make a credibility determination based on its observations; we defer to that judgment because the trial court viewed the evidence firsthand and we only review a cold documentary record. *Id*. We, therefore, conclude that the trial court did not abuse its discretion in not imputing income to Father and in modifying Father's child support obligation.

Affirmed.

Vaidik, C.J., and Bradford, J., concur.